UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

BAY VIEW CHAUTAUQUA
INCLUSIVENESS GROUP,

   Plaintiff,       Case No.  1:17-cv-00622-PLM-RSK

v.             HON. PAUL L. MALONEY

THE BAY VIEW ASSOCIATION OF
THE UNITED METHODIST CHURCH,
*a Michigan Summer Resort and Assembly
Association,* THE BOARD OF THE BAY
VIEW ASSOCIATION OF THE UNITED
METHODIST CHURCH, *its governing body,
and* BAY VIEW REAL ESTATE
MANAGEMENT, INC., *a domestic profit
corporation,*

   Defendants.
_____

| | |
|---|---|
| Sarah S. Prescott (P70510) | Michael S. Bogren (P34835) |
| Attorneys for Plaintiff | Attorney for Defendants |
| SALVATORE PRESCOTT & PORTER, PLLC | PLUNKETT COONEY |
| 105 East Main Street | 950 Trade Centre Way, Suite 310 |
| Northville, Michigan  48167 | Kalamazoo, Michigan  49002 |
| (248-679-8711) | (269-226-8822) |
| Prescott@spplawyers.com | mbogren@plunkettcooney.com |

_____

**ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

  NOW COME defendants, BAY VIEW ASSOCIATION OF THE UNITED METHODIST

CHURCH, THE BOARD OF THE BAY VIEW ASSOCIATION OF THE UNITED METHODIST

CHURCH and BAY VIEW REAL ESTATE MANAGEMENT, INC., by and through their

attorneys, PLUNKETT COONEY, and in Answer to Plaintiff's Complaint, state:

## Overview

ALLEGATION 1.      The Bay View Association of the United Methodist Church is a community of cottages, lodgings, and multi-purpose buildings situated just northeast of Petoskey, Michigan.

**ANSWER 1.   Admitted.**

ALLEGATION 2.      Bay View was organized under a unique Michigan law that delegates substantial governmental powers to the entity.

**ANSWER 2.   The allegations contained in paragraph 2 are denied as untrue.**

ALLEGATION 3.      As an entity invested with powers and duties of government, Bay View is bound by the Constitutional and statutory provisions against establishment of religion and against religious discrimination.

**ANSWER 3.   It is denied as untrue that Bay View Association is invested with the powers and duties of government. The remaining allegations contained in paragraph 3 are also denied as untrue.**

ALLEGATION 4.      Nevertheless, the Bay View Defendants enforce and perpetuate rules restricting cottage ownership to practicing Christians.  Consequently non-Christians, Agnostics, Atheists, and persons identifying as Christians who are not members of, or who do not actively attend, a church, are prohibited from purchasing cottages in Bay View.

**ANSWER 4.   The plaintiff has asserted the allegations contained in paragraph 4 in a manner that makes them contingent on the truth of the allegations contained in paragraph 3; since the allegations contained in paragraph 3 have been denied as untrue, the allegations contained in paragraph 4 are denied as untrue.**

ALLEGATION 5.      This religious discrimination specifically violates the U.S. and Michigan Constitutions, the Federal Fair Housing Act (42 U.S.C. § 3601 *et seq.*) and Michigan's Elliott-Larsen Civil Rights Act (MCL § 32.2101 *et. seq.*).

**ANSWER 5.   The allegations contained in paragraph 5 are denied as untrue.**

## Parties

ALLEGATION 6.     Plaintiff is a group of individuals deprived of their legal rights because of the Bay View membership policies, joined in an association to mutually collaborate in methods of bringing about change while preserving their community's long-term viability.

**ANSWER 6.   The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6, as the plaintiff refuses to identify the members of the group.**

ALLEGATION 7.     Members of Plaintiff including existing owners whose children and grandchildren cannot inherit Bay View cottages because they do not meet the religious test described more fully herein, a situation that interrupts a family tradition of as much as six generations.

**ANSWER 7.   The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7, as the plaintiff refuses to identify the members of the group.**

ALLEGATION 8.     Members of Plaintiff include individuals who seek to buy homes in the community, but who are not practicing Christians and therefore cannot do so.

**ANSWER 8.   The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8, as the plaintiff refuses to identify the members of the group.**

ALLEGATION 9.     Members of Plaintiff include existing owners who object to membership requirements favoring practicing Christians and refusing sales to non-practicing Christians.   These members seek to live in a religiously diverse and free community, but cannot do so under the current rules and practices.

**ANSWER 9.   The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9, as the plaintiff refuses to identify the members of the group.**

ALLEGATION 10.     Members include existing owners who cannot pass their sizeable, illiquid asset—their Bay View cottage—to their spouses, due to the religious test.

**ANSWER 10. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10, as the plaintiff refuses to identify the members of the group.**

ALLEGATION 11.    Members also include existing owners who cannot sell their cottage in the open market on commercially reasonable terms, and whose property values are affected (on information and belief) by the challenged dictates, which restrict sales to a small segment of willing buyers.

**ANSWER 11. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11, as the plaintiff refuses to identify the members of the group.**

ALLEGATION 12.    Defendant Bay View is a Summer Resort and Assembly Association organized under Act 39 of the Public Acts of 1889, MCL § 455.51 et seq.

**ANSWER 12. Admitted.**

ALLEGATION 13.    Defendant Board of Bay View is the body with authority to carry out and enforce orders of this Court.  It promulgates and enforces the unlawful policies and practices at issue here.

**ANSWER 13. It is denied as untrue that the Board of Bay View is a separate legal entity capable of being sued. It is further denied as untrue that any unlawful policies and practices have been promulgated or enforced.**

ALLEGATION 14.    Defendant Bay View Real Estate Management, Inc. is a corporation and wholly-owned for-profit subsidiary of Bay View, organized under the business Corporation Act, Act 284 of the Public Acts of 1972, MCL § 450.1101 *et seq*.

**ANSWER 14. The allegations contained in paragraph 14 are denied as untrue.**

ALLEGATION 15.    Defendants are collectively described in this Complaint as "Bay View," except as noted.

**ANSWER 15. Paragraph 15 does not contain allegations of fact to which a response is required.**

**Jurisdiction and Venue**

ALLEGATION 16.   Bay View's religious discrimination in cottage ownership violates the First Amendment of the U.S. Constitution, and Michigan Constitution, the Federal Fair Housing Act (42 U.S.C. § 3601 *et seq*.), Michigan's Elliott-Larsen Civil Rights Act (MCL § 32.2101 *et seq.*) and other provisions set forth herein.

**ANSWER 16.  In that there has been no religious discrimination, the allegations contained in paragraph 16 are denied as untrue.**

ALLEGATION 17.   Subject matter jurisdiction to resolve this matter therefore arises under 42 U.S.C. § 1983 and 42 U.S.C. § 3613(a)(1)(A), *et seq.* and 28 U.S.C. §§ 1331 and 1343.

**ANSWER 17. It is denied as untrue that 42 U.S.C. § 1983 is a jurisdictional statute. The defendants do not dispute the jurisdiction of this Court over this matter.**

ALLEGATION 18.   Insofar as this complaint seeks declaratory relief, jurisdiction also arises under 28 U.S.C. § 2201 *et seq.*

**ANSWER 18. The defendants do not dispute the jurisdiction of this Court over this matter.**

ALLEGATION 19.   The Court has pendent jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367.

**ANSWER 19. The defendants acknowledge the Court has the discretion to exercise pendent jurisdiction over associated state law claims.**

ALLEGATION 20.   Defendants reside in this District within the meaning of 28 U.S.C. § 1391, in that they are subject to the Court's personal jurisdiction with respect to the civil action in question.

**ANSWER 20. The allegations contained in paragraph 20 are denied as untrue with respect to the Board of the Bay View Association, as it is not a legal entity capable of being sued, has no residence and is not subject to the court's jurisdiction. The defendants admit the remaining allegations contained in paragraph 20.**

ALLEGATION 21.   Specifically, Defendants regularly transact business within Michigan, including within this District.

**ANSWER 21. The allegations contained in paragraph 20 are denied as untrue with respect to the Board of the Bay View Association, as it is not a legal entity capable of being sued and transacts no business. The defendants admit the remaining allegations contained in paragraph 20.**

ALLEGATION 22.   Moreover, the events giving rise to this suit occurred in this District.  Among other things, this District is the place where Defendants headquarter and the place where the community at issue is physically located and the unlawful policies and practices at issue are carried out.

**ANSWER 22. It is denied as untrue that any unlawful policies or practices exist or are carried out. The defendants admit venue is proper in this court.**

ALLEGATION 23.   Accordingly, venue is appropriately laid in this Court under 28 U.S.C. § 1391.

**ANSWER 23. Admitted.**

**Facts**

**The Delegation to Bay View and Its Exercise of Police Powers**

ALLEGATION 24.   Bay View was founded in 1875 and was later formally recognized under the 1889 Summer Resort Act.

**ANSWER 24. Admitted.**

ALLEGATION 25.   The State of Michigan, as sovereign, delegates to summer resort associations organized under the 1889 Act, including Bay View, substantial government powers.

**ANSWER 25. The allegations contained in paragraph 25 are denied as untrue.**

ALLEGATION 26.   Among the government powers delegated to Bay View is the power to appoint a board of assessors.  MCL §§ 455.68-71.

**ANSWER 26. Paragraph 26 attempts to create an inference that a board of assessors referred to in M.C.L. 455.68-71 has the same power and authority of a**

**township, city or village board of assessors, which is untrue. In that the allegations contained in paragraph 27 regarding the power to levy and collect taxes are denied as untrue, the allegations contained in paragraph 26 are denied as untrue.**

ALLEGATION 27.    Among the government powers delegated to Bay View is the power to levy and collect taxes.  MCL § 455.67.

**ANSWER 27.  The allegations contained in paragraph 27 are denied as untrue.**

ALLEGATION 28.    Moreover, State law delegates to Defendant Board "the management and control of the business, finances, rights, interests, buildings and all property, real and personal, of the association."

**ANSWER 28. It is denied as untrue that state law delegates any governmental authority to the Board. M.C.L. 455.10 identifies the Board of Directors of an association as having management and control over various aspects of the association.**

ALLEGATION 29.    State law further empowers Bay View by and through its Board to manage public health concerns on the land by delegating responsibilities for drainage and access to water.  *Id.*

**ANSWER 29. It is denied as untrue that state law delegates any governmental authority to the Board or that the Board is exercising any governmental authority.**

ALLEGATION 30.    The Defendant Board likewise controls access to land by constructing docks, erecting and maintaining streets and highways on the property, as well as all buildings that sit atop the land that the community collectively owns.  See *id.* and MCL § 455.58.

**ANSWER 30. It is denied as untrue that state law delegates any governmental authority to the Board or that the Board is exercising any governmental authority.**

ALLEGATION 31.    In addition to controlling the physical premises, the state delegates the power to control the way the land is used, giving this community police power.

**ANSWER 31. It is denied as untrue that state law delegates any governmental authority to the Board or that the Board is exercising any governmental authority.**

ALLEGATION 32.      For instance, Bay View may license and limit trucks conveying goods on the land; provided protection from loss or damage from fire or contagious diseases; and outlaw certain behaviors including:

> Disorderly assemblies . . . gaming and disorderly houses . . . billiard tables, bowling alleys, fraudulent and gaming devices, the selling or giving away any spirituous or fermented liquors; to prohibit and abate all nuisances and all slaughter houses, meat markets, butcher shops, the glue factories, and all such other offensive houses and places as the board of trustees may deem necessary for the health, comfort and convenience of the occupants upon which lands.

**ANSWER 32. It is denied as untrue that state law delegates any governmental authority to the Board or that the Board is exercising any governmental authority.**

ALLEGATION 33.      Bay View can further limit the speed of cars; prevent dogs from running free; and require residents to engage in basic maintenance; etc.

**ANSWER 33. It is denied as untrue that state law delegates any governmental authority to the Board or that the Board is exercising any governmental authority.**

ALLEGATION 34.      In addition, Bay View may make, amend, and enforce the laws or regulations enacted by the community.  *See, e.g.,* MCL § 455.59.

**ANSWER 34. It is denied as untrue that state law delegates any governmental authority to the Board or that the Board is exercising any governmental authority.**

ALLEGATION 35.      To do so, Bay View is delegated the power to deputize a marshal:

> The board of trustees may appoint a marshal, whose duties shall be to enforce the bylaws of said corporation.  Said marshal **shall have the authority of a deputy sheriff** in maintaining peace and order and the enforcement of law on the lands under the jurisdiction of the corporation, and in addition thereto shall be vested with authority to make arrests, in accordance with law, for the violation of the bylaws of said corporation.

MCL § 455.215 (emphasis added).

8

**ANSWER 35. It is denied as untrue that state law delegates any governmental authority to the Board or that the Board is exercising any governmental authority. It is further denied as untrue that Bay View has ever deputized or appointed a marshal.**

ALLEGATION 36.      The penalties at issue include fines and imprisonment:

Any person who shall violate any of such bylaws made as in said last section provided, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine not exceeding 25 dollars or imprisonment in the county jail not to exceed 30 days, or by both such fine and imprisonment in the discretion of the court, which fine shall go to the same fund as other fines for misdemeanor in the township where such association lands may be located.

MCL § 455.60.

**ANSWER 36. It is denied as untrue that state law delegates any governmental authority to the Board or that the Board is exercising any governmental authority. It is further denied as untrue that Bay View has ever undertaken any law enforcement actions or sought to impose criminal penalties on anyone.**

ALLEGATION 37.      Michigan's Attorney General has determined that delegation of this sort is "substantial authority which is governmental in character and which clearly may affect the rights of the public." Op. Att'y Gen. 1997 No. 6942 (interpreting similar delegation of state authority pursuant to the summer resort owners corporation act, 1929 AP 137, MCL § 455.201 *et seq.* for purposes of determining applicability of FOIA to these entities).

**ANSWER 37. Paragraph 37 does not contain properly pled allegations of fact but contains legal contentions to which no response is required. To the extent a response is required the defendants are without knowledge or information sufficient to form a belief as to the truth of the legal contentions contained in paragraph 37.**

ALLEGATION 38.      Moreover, Bay View's bylaws take full advantage of the delegation of public functions to summer resorts by the Act.

9

**ANSWER 38. The defendants do not understand the allegations contained in paragraph 38 and are therefore without knowledge or information sufficient to form a belief as to the truth of those allegations.**

ALLEGATION 39.    Indeed, municipal powers delegated by the Act are incorporated into provisions of the Bay View bylaws, including but not limited to:

a.    bylaw 3 references the powers of boards of trustees under the 1889 Summer Resort Act.

b.    Bylaws 23 through 27 describe the functioning of the Bay View Association's Board of Assessors.

c.    Bylaw 28 provides that the Bay View Association's Board may appoint marshals who "shall have the power of arrest and enforcement as provided by law".

d.    Bylaws 40-a through 40-3 govern building permits and architectural review of cottage modifications.

e.    Bylaws 57 and 58 regulate commercial activity (including requiring a permit to engage in commercial activity, which is issued by the Bay View Board).

f.    Bylaws 59 through 64 regulate personal conduct including prohibition of gambling, alcoholic beverages in public buildings, use of firearms, regulation of dogs and other pets and restriction of *all* "activities" generally on Sunday mornings.

g.    Bylaws 65 and 66 make Michigan traffic laws applicable in Bay View.

h.    Finally, consistent with MCL § 455.6, Bylaw 67 authorizes fines and imprisonment for violations of the Bay View Association's bylaws.

Exh. A, Current bylaws.

**ANSWER 39. It is denied as untrue that the by-laws reflect the authority to exercise any governmental authority. It is further denied as untrue that the defendants have in fact exercised any governmental authority.**

**Bay View Policy and Practice Establish a Preference for the Christian Religion and Specifically the United Methodist Church**

ALLEGATION 40.       Other than paying a membership fee, the only requirements for Bay View membership and cottage ownership under the original Articles of Association and bylaws was that an applicant be of "good moral character" and be twenty-one years old.  Exh. B, 1890 Articles.

**ANSWER 40. The defendants object to the allegations contained in paragraph 40 as they are immaterial to this litigation and in violation of Fed. R. Civ. P. 12(f). In further answer the original Articles of Association speak for themselves and no response is required to paragraph 40.**

ALLEGATION 41.       However, over time, Bay View has aligned itself with and endorsed and promoted the Christian religion, even as it maintains and uses State-delegated police power.

**ANSWER 41. The defendants object to the allegations contained in paragraph 41 as they are immaterial to this litigation and in violation of Fed. R. Civ. P. 12(f). In further answer, the allegations contained in paragraph 41 are denied as untrue. Bay View Association of the United Methodist Church has always been aligned with Christianity. It is further denied as untrue that Bay View Association maintains and uses State-delegated police powers.**

ALLEGATION 42.       Hence, while Jews and other non-religious families once owned homes in Bay View, in or around 1942, the Bay View board adopted a resolution rolling back almost 70 years of tolerance of religious diversity and stating:

" . . . no person shall be accepted as a member of this association or be allowed to rent or lease property or a room, for longer than a period of one day, unless such person is **of the white race and a Christian** who must provide acceptable and good recommendations.  This resolution does not apply to servants within a household or to employes" (sic).

**ANSWER 42. The defendants object to the allegations contained in paragraph 42 as they are immaterial to this litigation and in violation of Fed. R. Civ. P. 12(f). In**

**further answer, paragraph 42 does not contain properly pled allegations of fact but contains improper argumentative contentions to which no response is required. To the extent a response is required the defendants deny as untrue the plaintiff's argumentative contentions.**

ALLEGATION 43. Likewise, as of 1945, the Articles of Association were amended to change Bay View's purpose to the "promotion of the **<u>Christian</u>** religion and morality." Exh. C, 1945 Articles of Association purposes clause, as amended; *see also* current Articles, Exh. D.

**ANSWER 43. The defendants object to the allegations contained in paragraph 43 as they are immaterial to this litigation and in violation of Fed. R. Civ. P. 12(f). In further answer, the 1945 Articles of Association speak for themselves and no response is required to paragraph 43.**

ALLEGATION 44. By 1959, the race requirement was eliminated, but the religious test remained, and the 1960s through 1980s saw further restrictions on the precise sect of Christian owners.

**ANSWER 44. The defendants object to the allegations contained in paragraph 44 as they are immaterial to this litigation and in violation of Fed. R. Civ. P. 12(f). Paragraph 44 does not contain properly pled allegations of fact but contains improper argumentative contentions to which no response is required. To the extent a response is required the defendants deny as untrue the plaintiff's argumentative contentions.**

ALLEGATION 45. For example, Bay View actively enforced a requirement restricting the Roman Catholic membership to 10% or less during this period. When the quota was filled, Roman Catholic applicants were rejected. In one case, a physician, J.D., had already bought a cottage, which he was then required to sell due solely to his religion and the religious quota. The letter calling for the sale listed the then-current Catholic owners, reflecting the quota for his sect was full.

**ANSWER 45. The defendants object to the allegations contained in paragraph 45 as they are immaterial to this litigation and in violation of Fed. R. Civ. P. 12(f). In further answer, the defendants are without knowledge or information sufficient to form a belief as to the truth of the immaterial allegations contained in paragraph 45.**

ALLEGATION 46.     By 1986, Bay View instituted a bylaw requirement that would-be members now provide a minister's letter establishing active participation in a Christian church, a change which excluded "unchurched" Christians from cottage ownership for the first time in Bay View's then 111 years of existence.

**ANSWER 46. The defendants object to the allegations contained in paragraph 46 as they are immaterial to this litigation and in violation of Fed. R. Civ. P. 12(f). In further answer, paragraph 46 does not contain properly pled allegations of fact but contains improper argumentative contentions to which no response is required. To the extent a response is required the defendants are without knowledge or information sufficient to form a belief as to the truth of the argumentative contentions contained in paragraph 46.**

ALLEGATION 47.     Specifically, Article 1-d of the Bay View bylaws, added in 1986, provides that the conditions of membership include, among other things, that the applicant: "is of Christian persuasion" and provides a reference letter from a pastor or church leader of the church the applicant attends or of which he is a member.  Exh E, 1986 Bylaws (as amended), Exh. A, Current Bylaws (May 2016).  This is a still-current, disputed provision at issue in this case.

**ANSWER 47. The by-laws speak for themselves and no response is required to paragraph 47.**

ALLEGATION 48.     Between 2007 and present, Bay View's leadership has steadily attempted to align Bay View formally with the United Methodist Church – a process  that has been met with resistance by the Plaintiff's members, many of who espouse and hold dear Christian principles and actively worship with the United  Methodist Church, but who also cherish civil rights and religious freedom.

13

**ANSWER 48. Paragraph 48 does not contain properly pled allegations of fact but contains improper argumentative contentions and statements of subjective belief to which no response is required. To the extent a response is required the defendants are without knowledge or information sufficient to form a belief as to the truth of the argumentative contentions and statements of subjective belief contained in paragraph 48.**

ALLEGATION 49.      In particular, Bay View has enacted the following changes to the bylaws challenged in this case:

a.      Article 2 of the bylaws states that 60% of the "Trustees shall be members of The United Methodist Church whose election shall be ratified by the West Michigan Conference of the United Methodist Church."

b.      Article 77-B of the bylaws states:  "In addition, any amendments to paragraphs 2 regarding the Methodist majority and conference ratification requirements only, 75-b or 77-b, must be approved by the West Michigan Conference of the United Methodist Church."

*Id.*

**ANSWER 49. The by-laws speak for themselves and no response is required to paragraph 49.**

ALLEGATION 50.      In 2013 Bay View filed articles of amendment with Michigan's Department of Licensing and Regulatory Affairs (LARA) on an ecclesiastical corporation form.

**ANSWER 50. Admitted.**

ALLEGATION 51.      However, LARA rejected the filing, because Bay View is not and never has been an ecclesiastical corporation.  *See* Exh. F, 7/10/13 LARA Determination.

**ANSWER 51. Paragraph 51 does not contain properly pled allegations of fact but contains legal contentions to which no response is required. To the extent a**

**response is required the defendants are without knowledge or information sufficient**

**to form a belief as to the truth of the legal contentions contained in paragraph 51.**

ALLEGATION 52.     In August 2015, Bay View attempted to amend the Articles of Association to align with the above-described bylaw changes (see Para. 49a. & b.) which Plaintiffs challenge here.  These Article changes purported to grant the United Methodist Church certain control rights over Bay View's affairs (the "Methodist Control Amendments").

**ANSWER 52. Admitted.**

ALLEGATION 53.     The Methodist Control Amendments would have altered the Bay View Articles as follows:

a.     Providing that the entity is organized and operated exclusively for the benefit of, to perform the functions of, or to carry out the purposes of the United Methodist Church and is operated, supervised or controlled by the United Methodist Church.

b.     Establishing that at all times, at least sixty percent of the members of the organization's Board of Trustees must be appointed by the West Michigan Conference of the United Methodist Church, an organization required to act in accordance with The Book of Discipline of the United Methodist Church.

c.     Restricting future amendments to certain provisions only upon approval of the West Michigan Conference of the United Methodist Church, namely Article III, Section 2; Article VII, Section 2, Article X and Article XII.

Exh. G, Rejected Articles.

**ANSWER 53. The defendants object to the allegations contained in paragraph**

**53 as they are immaterial to this litigation and in violation of Fed. R. Civ. P. 12(f). In**

**further answer, the defendants are without knowledge or information sufficient to**

**form a belief as to the truth of the plaintiff's characterization of the immaterial**

**allegations contained in paragraph 53.**

ALLEGATION 54.     An ecclesiastical corporation subject to MCL § 450.179 can subject itself to the control of a "higher ecclesiastical body".

**ANSWER 54. Paragraph 54 does not contain properly pled allegations of fact but contains legal contentions to which no response is required. To the extent a response is required the defendants are without knowledge or information sufficient to form a belief as to the truth of the legal contentions contained in paragraph 54.**

ALLEGATION 55.     However, as noted above, Bay View is not an ecclesiastic corporation.

**ANSWER 55. Paragraph 55 does not contain properly pled allegations of fact but contains legal contentions to which no response is required. To the extent a response is required the defendants are without knowledge or information sufficient to form a belief as to the truth of the legal contentions contained in paragraph 55.**

ALLEGATION 56.     Accordingly, LARA rejected these amendments and the subordination of this entity to a Church—explaining there was no statutory authority for the proposed amendments and finding that they would be inconsistent with the 1889 Summer Resort Act and the Michigan Nonprofit Corporation Act.

**ANSWER 56. Paragraph 56 does not contain properly pled allegations of fact but contains legal contentions to which no response is required. To the extent a response is required the defendants are without knowledge or information sufficient to form a belief as to the truth of the legal contentions contained in paragraph 56.**

ALLEGATION 57.     Undeterred, Defendants attempted over and over again to formalize these attempted changes to the Articles by various devices, and LARA repeatedly refused them on June 28, August 2, September 15 and September 16, 2016.  Exh. H, LARA Determinations.

**ANSWER 57. Defendants object to plaintiff's characterizations contained in paragraph 57 as being in violation of Fed. R. Civ. P. 12(f). Paragraph 56 does not contain properly pled allegations of fact but contains legal contentions and characterizations to which no response is required. To the extent a response is required the defendants are without knowledge or information sufficient to form a**

belief as to the truth of the legal contentions and characterizations contained in paragraph 57.

ALLEGATION 58.    Notwithstanding these rejections of formal *Articles*, Bay View continues to operate according to the above *bylaws*, found in Exhibit A.

**ANSWER 58. Defendants object to plaintiff's characterizations contained in paragraph 58 as being in violation of Fed. R. Civ. P. 12(f). In further answer the defendants admit that Bay View is operated pursuant to by-laws.**

ALLEGATION 59.    This suit challenges the unlawful policies and practices of Bay View, rooted in the 1945 "purpose" change (expressing an explicitly "Christian" purpose for Bay View), and the bylaw provisions restricting home ownership to actively practicing Christians and restricting leadership to a majority of Methodists, as ratified by the United Methodist Church, each of which is set forth in paragraph 43, 47, and 49 above and are located in Exhs. A, B.

**ANSWER 59.        It is denied as untrue that there are unlawful policies and practices. The defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining contentions contained in paragraph 59.**

**Bay View is an Independent Entity with a For-Profit Real Estate Subsidiary and is not under the Control or Supervision of any Church**

ALLEGATION 60.    Bay View is not a church and is not the property of any church.

**ANSWER 60.        The defendants do not understand the allegations contained in paragraph 60 and are therefore without knowledge or information sufficient to form a belief as to the truth of those allegations.**

ALLEGATION 61.    All United Methodist Churches are required to pay an apportionment fee.

**ANSWER 61.        The allegations contained in paragraph 61 are denied as untrue.**

ALLEGATION 62.     However, Bay View does not now and never has paid such fees.

**ANSWER 62.        In that apportionment fees do not exist in the United Methodist Church, the defendants are not able to respond to paragraph 62. To the extent that a response is required, the defendants admit they have never paid a fee that does not exist.**

ALLEGATION 63.     Bay View does not appear in Detroit or Western Michigan Conference annual journals as an affiliated organization or mission of the United Methodist Church.

**ANSWER 63.        The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63.**

ALLEGATION 64.     Moreover, neither the United Methodist Church, nor any other church, has entered any formal affiliation agreement with Bay View in its history, to operate or control Bay View.

**ANSWER 64. Admitted.**

ALLEGATION 65.     Rather, individuals privately own and operate each of the more than 400 cottages and the two Inns within Bay View.

**ANSWER 65. The defendants do not understand implied relationship between the allegations contained in paragraphs 64 and 65, however the defendants admit individuals privately own various structures located on the property owned by the Bay View Association.**

ALLEGATION 66.     Bay View is not associated with a religious organization within the meaning of the Fair Housing Act.

**ANSWER 66. The allegations contained in paragraph 66 are denied as untrue.**

ALLEGATION 67.     For example, Bay View is not in practice controlled, supervised, or operated in conjunction with the United Methodist Church—or any church or charity—but operates independently.  Indeed, its leasehold operations are managed by the *for-profit* subsidiary Defendant as explained more fully below.

**ANSWER 67. The allegations contained in paragraph 67 are denied as untrue.**

ALLEGATION 68.    Moreover, Bay View elects its own Trustees, and does not have, and has never, selected its Trustees based on the dictate of any church.

**ANSWER 68. Admitted.**

ALLEGATION 69.    The United Methodist Church has not historically voted on or otherwise controlled Bay View's operations.

**ANSWER 69. Admitted.**

ALLEGATION 70.    A Methodist Bishop who serves *ex officio* on the Defendant Board does not have the right to vote, and has rarely attended or been represented at a Board of Trustees meeting over the 141 years of Bay View's existence.

**ANSWER 70. It is admitted that a bishop of the United Methodist Church is an ex officio member of the Board who does not vote. The defendants do not know what plaintiff's definition of "rarely" is and are therefore without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 70.**

ALLEGATION 71.    Bay View selects a Director of Religious Life with no approval required by the United Methodist Church, and this Director is not required to be a United Methodist.

**ANSWER 71. Admitted.**

ALLEGATION 72.    Indeed, two of the past three directors, including the current Director, are adherents to other sects of the Christian religion.

**ANSWER 72. If by using the term "sect," plaintiff actually means "denomination," the defendants admit the allegations contained in paragraph 72. Otherwise, the allegations contained in paragraph 72 are denied as untrue.**

ALLEGATION 73.    State Law confirms Bay View is not a Church or religious organization in multiple respects.

**ANSWER 73. Paragraph 73 does not contain properly pled allegations of fact but contains legal contentions to which no response is required. To the extent a**

response is required the defendants deny as untrue the legal contentions contained

in paragraph 73.

ALLEGATION 74.   First, the real property of a corporation like The Bay View Association of the United Methodist Church, organized under the 1889 Summer Resort Act property, is subject to taxation, and The Bay View Association of the United Methodist Church is annually taxed.

**ANSWER 74. Paragraph 74 does not contain properly pled allegations of fact but contains legal contentions to which no response is required. To the extent a response is required the defendants are without knowledge or information sufficient to form a belief as to the truth of the legal contentions contained in paragraph 74.**

ALLEGATION 75.   If Bay View's cottages were used exclusively for charitable or religious purposes they would be exempt from taxation under Article IX, § 4 of the Michigan Constitution.[1]   However, that has never been the case; taxes are routinely assessed and paid.

**ANSWER 75. Paragraph 75 does not contain properly pled allegations of fact but contains legal contentions to which no response is required. To the extent a response is required the defendants are without knowledge or information sufficient to form a belief as to the truth of the legal contentions contained in paragraph 75.**

ALLEGATION 76.   Consistent with the distinction, as set forth above, the State affords ecclesiastic entities to identify as such and maintains recordkeeping identifying them as such, but Bay View is not such an entity.

**ANSWER 76. Paragraph 76 does not contain properly pled allegations of fact but contains legal contentions to which no response is required. To the extent a response is required the defendants are without knowledge or information sufficient to form a belief as to the truth of the legal contentions contained in paragraph 76.**

---

[1] Section 4 provides:  Property owned and occupied by non-profit religious or educational organizations and used exclusively for religious or educational purposes, as defined by law, shall be exempt from real and personal property taxes.  Michigan Constitution Article IX, § 4.

ALLEGATION 77.    Moreover, Michigan's Court of Appeals explicitly considered how Bay View cottages are held and used in a tax case styled *Bay View Association v. Township of Bear Creek and the Department of Treasury*, February 5, 2015, No. 317714.

**ANSWER 77. Paragraph 77 does not contain properly pled allegations of fact but contains legal contentions to which no response is required. To the extent a response is required the defendants are without knowledge or information sufficient to form a belief as to the truth of the legal contentions contained in paragraph 77.**

ALLEGATION 78.    In that case, Bay View argued that it was solely or chiefly organized to provide religious programming and education, charitable works and support for community needs.

**ANSWER 78. Paragraph 78 does not contain properly pled allegations of fact but contains legal contentions to which no response is required. To the extent a response is required the defendants are without knowledge or information sufficient to form a belief as to the truth of the legal contentions contained in paragraph 78.**

ALLEGATION 79.    The matter was fully litigated and this position was rejected, with the Court holding, "While the numerous charitable and benevolent activities petitioner engages in are certainly admirable, it appears petitioner's primary purpose is to provide an exclusive summer vacation community to those who meet its restrictive membership requirements and have the financial means to purchase a summer cottage." *Bay View Ass'n v. Twp. Of Bear Creek,* No. 317714, 2015 WL 493355, at *5 (Mich. Ct. App. Feb. 5, 2015).

**ANSWER 79. Paragraph 79 does not contain properly pled allegations of fact but contains legal contentions to which no response is required. To the extent a response is required the defendants are without knowledge or information sufficient to form a belief as to the truth of the legal contentions contained in paragraph 79.**

ALLEGATION 80.    Also, as noted above and reflected in attached communications, LARA has directly rejected recent ongoing efforts to formally align Bay View with the United Methodist Church, declaring such efforts are inapt under State law and violate the provisions under which Bay View was incorporated.

**ANSWER 80. Paragraph 80 does not contain properly pled allegations of fact but contains legal contentions to which no response is required. To the extent a response is required the defendants are without knowledge or information sufficient to form a belief as to the truth of the legal contentions contained in paragraph 80.**

ALLEGATION 81.    Finally, effective November 1, 2015, Bay View's leadership formed a for-profit subsidiary to manage leasehold-related activities, *viz.*, Defendant Bay View Real Estate Management, Inc.

**ANSWER 81. It is admitted Bay View Real Estate Management, Inc., was formed in 2015.**

ALLEGATION 82.    This Defendant manages Bay View's real estate assets, including the lots leased to the owners of privately-owned cottages situated on land owned by Bay View explicitly in the pursuit of profit.[2]

**ANSWER 82. The allegations contained in paragraph 82 are denied as untrue.**

**Bay View Membership Policies Create Christian Landlord Class and Relegate Other Religions to Temporary Residency—And These Rules are Enforced in an Arbitrary Manner**

ALLEGATION 83.    Only members of the Bay View Association may own a cottage in Bay View.

**ANSWER 83. Admitted.**

ALLEGATION 84.    As set forth more fully above, to become a member a person must be a member of or attend a Christian church.

**ANSWER 84. Admitted.**

ALLEGATION 85.    This religious test has routinely excluded non-practicing Christians, such as a Member of the Plaintiff group who negotiated the purchase of a cottage in summer 2016, only to be denied ownership because he did not regularly attend a Christian church.

---

[2] Cottage owners lease the land on which their homes sit from Bay View; in other words, the association owns the real property and private individuals own the structures.

**ANSWER 85. In that plaintiff refuses to identify its members the defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85.**

ALLEGATION 86.    Another Member of the Plaintiff group converted to Judaism, and for that reason was denied membership and the right to be a co-owner and ultimately inherit her parents' cottage, which has been in the family for four generations.

**ANSWER 86. In that plaintiff refuses to identify its members the defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86.**

ALLEGATION 87.    However, this test is unevenly and arbitrarily applied.

**ANSWER 87. The allegations contained in paragraph 87 are denied as untrue.**

ALLEGATION 88.    In addition, the long-term occupancy of Bay View properties is in fact not limited to persons of the same religion.

**ANSWER 88. The defendants do not know what plaintiff's definition of "long-term occupancy" is and are therefore without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88.**

ALLEGATION 89.    A significant proportion of Bay Cottages are either rented out for some or all of the summer season or occupied by individuals who are not members.

**ANSWER 89. The defendants do not know what plaintiff's definition of "significant proportion" is and are therefore without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88.**

ALLEGATION 90.    Some members own more than one cottage and rent them for income or they rent to their family, for all or part of each season.  Several cottages appear for short-term rent on the Airbnb.com web site as well.

**ANSWER 90. Admitted.**

ALLEGATION 91.    Bay View carries out no screening or control over who is present in or rents cottages or who participates in its various programs.

**ANSWER 91. The defendants do not understand the allegations contained in paragraph 91 and are therefore without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91.**

ALLEGATION 92.     Further, there is no follow-up verification as to whether persons who previously met the religious test continue to comply.

**ANSWER 92. Admitted.**

ALLEGATION 93.     Owners may cease attending church, so there is no assurance that members continue to qualify as church-attending Christians.

**ANSWER 93. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93.**

ALLEGATION 94.     Thus, the actual population of Bay View is not consistently limited to active Christians.

**ANSWER 94. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94.**

ALLEGATION 95.     Rather, the religious test imposes a capricious hurdle that potential buyers must overcome.

**ANSWER 95. The allegations contained in paragraph 95 are denied as untrue.**

ALLEGATION 96.     At the same time, the net result of the disputed policy and practice at issue is that only active Christians may be the owners and landlords within Bay View, collecting the rents and benefits of ownership—while adherents of other religions or no religion at all may make up a sizeable percentage of the people in residence at any given time, but are relegated to passing through with no opportunity to invest or settle in Bay View.

**ANSWER 96. The defendants do not understand the allegations contained in paragraph 96 and are therefore without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96.**

ALLEGATION 97.      Because of its desirable location on Lake Michigan and its full Chautauqua Program, the sale and rental of cottages is a substantial business in Bay View, one that benefits both the Association and the individual cottage owners.

**ANSWER 97. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97.**

ALLEGATION 98.      That benefit simply is not open to the plurality of citizens whose consciences call them toward a spiritual or religious practice that is not favored and aligned with that of Bay View's membership bylaws.

**ANSWER 98. Paragraph 98 does not contain properly pled allegations of fact but contains improper argumentative contentions and statements of subjective belief to which no response is required. To the extent a response is required the defendants are without knowledge or information sufficient to form a belief as to the truth of the argumentative contentions and statements of subjective belief contained in paragraph 98.**

**Count 1**
**42 U.S.C. § 1983**
**Bay View is Invested with Powers and Duties of Government**
**And as such is Bound by U.S. and Michigan Constitutional Prohibitions**
**Against Religious Discrimination.  A Religious Test for Property Sales**
**Violates the Establishment Clause of the United States Constitution.**

ALLEGATION 99.      Plaintiff incorporates the foregoing paragraphs as if set forth in full herein.

**ANSWER 99.      Defendants incorporate by reference paragraphs 1 through 98 of their Answer as set forth fully herein.**

ALLEGATION 100.    Defendants are "persons" within the meaning of 42 U.S.C. § 1983.

**ANSWER 100.      The allegations contained in paragraph 100 are denied as untrue.**

ALLEGATION 101.   Bay View acts and operates under color of state law, namely pursuant to a delegation of state police powers, including arrest powers, the power to levy taxes and other powers detailed above.

**ANSWER 101.       The allegations contained in paragraph 101 are denied as untrue.**

ALLEGATION 102.   Moreover, judicial enforcement of restrictive covenants constitutes state action, per well established, controlling precedent of the U.S. Supreme Court.

**ANSWER 102.       The allegations contained in paragraph 102 are denied as untrue as they relate to the facts of this dispute.**

ALLEGATION 103.   Section 1983 establishes that any person who, acting under color of law, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

**ANSWER 103.       Paragraph 103 does not contain properly pled allegations of fact but contains legal contentions to which no response is required. To the extent a response is required the defendants deny as untrue the plaintiff's legal contentions regarding 42 U.S.C. §1983.**

ALLEGATION 104.   Bay View's policies and practices deprive Plaintiff and its members from ownership and disposition of property—including the dwellings or cottages at issue in this suit—based on religion in violation of the First Amendment's proscription against such establishments.

**ANSWER 104.       The allegations contained in paragraph 104 are denied as untrue.**

ALLEGATION 105.   Specifically, Bay View elevates the Christian religion above all others and above the observance of no religion at all, by endowing practices Christians with superior rights as compared to all others.

**ANSWER 105.       Paragraph 105 contains a recitation of part of the standard adopted by the Supreme Court in deciding claims brought under the Establishment**

**Clause of the First Amendment. In that the defendants have denied as untrue that they are state actors or that they have violated the Establishment Clause, the allegations contained in paragraph 105 are denied as untrue.**

ALLEGATION 106.   Any reasonable person would understand the clearly established proscription of the First Amendment against such establishments.

**ANSWER 106.        Paragraph 106 contains a recitation of part of the standard adopted by the Supreme Court in deciding claims brought under the Establishment Clause of the First Amendment. In that the defendants have denied as untrue that they are state actors or that they have violated the Establishment Clause, the allegations contained in paragraph 106 are denied as untrue.**

ALLEGATION 107.   On information and belief, Bay View and its Defendant Board *do* know and understand that the ongoing exclusion of non-Christians is a violation of the law, and Defendants have knowingly and intentionally continued and persisted in pursuing this unlawful establishment.

**ANSWER 107.        The allegations contained in paragraph 107 are denied as untrue.**

ALLEGATION 108.   As a direct and proximate result of its policies and practices, Plaintiff's members have suffered losses including financial and emotional.

**ANSWER 108.        The allegations contained in paragraph 108 are denied as untrue. In further answer, the plaintiff lacks standing to assert a claim for damages, either financial or emotional, on behalf of its members.**

ALLEGATION 109.   Based on the knowing and intentional, wanton and willful violation of Plaintiff's clearly established rights, Defendants are further liable for punitive damages.

**ANSWER 109.        In that there has been no knowing, intentional, wanton or willful violation of plaintiff's clearly established rights (or any violation at all), the allegations contained in paragraph 109 are denied as untrue.**

ALLEGATION 110.    Because an actual, present and justiciable controversy has arisen between Plaintiff and Defendants, Plaintiff is also entitled to declaratory relief voiding as unlawful the challenged "purpose" clause and bylaws identified above, *see also* Exh. I, and or declaring them judicially unenforceable.

**ANSWER 110.        The allegations contained in paragraph 110 are denied as untrue.**

## Count 2
## A Religious Rest for Property Sales Violates the Civil and Religious Rights of Plaintiff as set forth in the Michigan Constitution.

ALLEGATION 111.    Plaintiff incorporates the foregoing paragraphs as if set forth in full herein.

**ANSWER 111.        Defendants incorporate by reference paragraphs 1 through 110 of their Answer as set forth fully herein.**

ALLEGATION 112.    Bay View's policies and practices deprive Plaintiff and its members for ownership and disposition of property—including the dwellings or cottages at issue in this suit—based on religion, in violation of Michigan Constitution Article I, Sections 2 and 4.

**ANSWER 112.        The allegations contained in paragraph 112 are denied as untrue.**

ALLEGATION 113.    Specifically, Bay View elevates the Christian religion above all other sand above the observance of no religion at all, by endowing practicing Christians with superior rights as compared to all others.

**ANSWER 113.        Paragraph 113 contains a recitation of part of the standard adopted by the Michigan Supreme Court in deciding claims brought under the Establishment Clause of the First Amendment. In that the defendants have denied as untrue that they have violated the Establishment Clause, the allegations contained in paragraph 113 are denied as untrue.**

ALLEGATION 114.    As a direct and proximate result of its policies and practices, Plaintiff's members have suffered losses including financial and emotional, and they are entitled to monetary relief.

**ANSWER 114.        The allegations contained in paragraph 114 are denied as untrue. In further answer, the plaintiff cannot assert a claim for damages, either financial or emotional, on behalf of its members. In further answer, there is no damages remedy available for an alleged violation of the Michigan Constitution.**

ALLEGATION 115.    Plaintiff is further entitled to declaratory relief voiding as unlawful the challenged provisions identified above, *see also* Exh. I.

**ANSWER 115.        In that there are no unlawful provisions, the allegations contained in paragraph 115 are denied as untrue.**

**Count 3
42 U.S.C. § 360 et seq.
Bay View's Discriminatory Practices Violate
the Federal Fair Housing Act (FHA).**

ALLEGATION 116.    Plaintiff incorporates the foregoing paragraphs as if set forth in full here.

**ANSWER 116.        Defendants incorporate by reference paragraphs 1 through 115 of their Answer as set forth fully herein.**

ALLEGATION 117.    The cottages at issue in this suit are building or structures occupied as or designed or intended for occupancy as residences of one or more families.

**ANSWER 117.        Admitted.**

ALLEGATION 118.    Accordingly, these structures are "dwellings," within the meaning of the FHA.

**ANSWER 118.        In the context of this litigation, it is denied as untrue that the FHA applies, therefore the allegations contained in paragraph 118 are denied as untrue.**

29

ALLEGATION 119.    The FHA establishes it is unlawful "to refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of . . . religion. . .."

**ANSWER 119.        In the context of this litigation, it is denied as untrue that the FHA applies, therefore the allegations contained in paragraph 119 are denied as untrue.**

ALLEGATION 120.    The bylaws outlined above on their face limit sales and negotiations for sales of the cottages because of religion.

**ANSWER 120.        In the context of this litigation, it is denied as untrue that the FHA applies, therefore the allegations contained in paragraph 120 are denied as untrue.**

ALLEGATION 121.    Moreover, the bylaws are enforced in practice, denying non-Christians the opportunities provided to practicing Christians.

**ANSWER 121.        In the context of this litigation, it is denied as untrue that the FHA applies, therefore the allegations contained in paragraph 121 are denied as untrue.**

ALLEGATION 122.    Bay View qualifies for no exemption from enforcement of the FHA because it does not own or operate the privately-owned cottages at issue.

**ANSWER 122.        The allegations contained in paragraph 122 are denied as untrue.**

ALLEGATION 123.    Bay View qualifies for no exemption from enforcement of the FHA because, as adjudicated by the Michigan Court of Appeals, cottages are used as summer vacation homes and not for religious or charitable purposes.

**ANSWER 123.        The allegations contained in paragraph 123 are denied as untrue.**

ALLEGATION 124.    Bay View qualifies for no exemption from enforcement of the FHA because Defendant is not a religious organization or church.

**ANSWER 124.** **The allegations contained in paragraph 124 are denied as untrue.**

ALLEGATION 125.    Bay View qualifies for no exemption form enforcement of the FHA because the sale and rental of cottages occurs for commercial, for-profit, purposes.

**ANSWER 125.** **The allegations contained in paragraph 125 are denied as untrue.**

ALLEGATION 126.    Members of the Plaintiff organization have been intentionally subject to religious discrimination described above.

**ANSWER 126.** **The allegations contained in paragraph 126 are denied as untrue.**

ALLEGATION 127.    As a direct and proximate result, Plaintiff's members have been excluded from ownership of Bay View cottages in violation of this law; have been frustrated or outright prevented from devising or otherwise disposing of their property; have been prevented from selling their property pursuant to law on an open and unrestricted market; and have been otherwise injured as a result of the unlawful enforcement of the bylaws set forth above.

**ANSWER 127.** **The allegations contained in paragraph 127 are denied as untrue.**


**Count 4**
**Michigan's Elliott-Larsen Civil Rights Act (ELCRA)**
**Act 453, of 1976, MCL § 37.2101 et seq.**
**Bay View's Discriminatory Practices Violate State Anti-discrimination Laws.**

ALLEGATION 128.    Plaintiff incorporates the foregoing paragraphs as if set forth in full here.

**ANSWER 128.** **Defendants incorporate by reference paragraphs 1 through 127 of their Answer as set forth fully herein.**

ALLEGATION 129.    Defendants are "persons" within the meaning of ELCRA, because they are an association, corporation, or a political subdivision of the state, including a special district or authority of the state.

31

**ANSWER 129.** **The allegations contained in paragraph 129 are denied as untrue.**

ALLEGATION 130.    The conduct of the Defendants described above amounts to:

a.    refusing to engage in a real estate transaction with a person because of religion in violation of MCL § 37.2505.

b.    making dwellings unavailable to persons because of religion in violation of MCL § 37.2502, *et seq.*

c.    discriminating in the terms and conditions, or privileges of the sale of real estate that indicates a preference or discrimination on the basis of religion in violation of MCL § 37.2502, *et seq.*

d.    representing to persons because of religion that dwellings are not available for inspection or sale when such dwellings are in fact so available in violation of MCL § 37.2502, *et seq.*

e.    refusing ot receive from a person or transmit to a person a bona fide offer to engage in a real estate transaction on the basis of religion in violation of MCL § 37.2502, *et seq.*

f.    making, printing, circulating, posting, or otherwise causing to be made or published a statement, advertisement, notice, or sign, or use a form of application for a real estate transaction, or making a record of inquiry in connection with a prospective real estate transaction, which indicates, directly or indirectly, an intent to make a preference, limitation, specification, or discrimination with respect to the real estate transaction on the basis of religion in violation of MCL § 37.2502, *et seq.*

**ANSWER 130.** **The allegations contained in paragraph 130 are denied as untrue.**

ALLEGATION 131.    The conduct of the Defendants described above constitutes:

a.    a pattern or practice of resistance to the full enjoyment of rights granted by the ELCRA; and

b.    a denial to a group of persons of the rights granted by the ELCRA where that denial constitutes a matter of general public importance.

32

**ANSWER 131.** **The allegations contained in paragraph 131 are denied as untrue.**

ALLEGATION 132. Bay View qualifies for no exemption from enforcement of ELCRA because it does not own or operate the dwellings at issue—i.e., the privately-owned cottages.

**ANSWER 132.** **The allegations contained in paragraph 132 are denied as untrue.**

ALLEGATION 133. Bay View qualifies for no exemption from enforcement of ELCRA because, as adjudicated by the Michigan Court of Appeals, cottages are used as summer vacation homes and not for religious or charitable purposes.

**ANSWER 133.** **The allegations contained in paragraph 133 are denied as untrue.**

ALLEGATION 134. Bay View qualifies for no exemption from enforcement of ELCRA because Defendant is not a religious organization or church.

**ANSWER 134.** **The allegations contained in paragraph 134 are denied as untrue.**

ALLEGATION 135. Bay View qualifies for no exemption from enforcement of ELCRA because the sale and rental of cottages occurs for commercial, for-profit, purposes.

**ANSWER 135.** **The allegations contained in paragraph 135 are denied as untrue.**

ALLEGATION 136. Defendants' conduct described above was and remains intentional, willful, and it has been taken in disregard for the rights of others.

**ANSWER 136.** **The allegations contained in paragraph 136 are denied as untrue.**

ALLEGATION 137. As a direct and proximate result of the violations of law set forth above, Plaintiff's members have been excluded from ownership of Bay View cottages; have been prevented from devising or otherwise disposing of their property; have been frustrated or outright prevented from selling their property on an open and unrestricted

market; and have been otherwise injured as a result of the unlawful enforcement of the bylaws identified herein.

**ANSWER 137.** **The allegations contained in paragraph 137 are denied as untrue.**

## Count 5
**Attempted Amendments to Bylaws and Articles Fail under Established Michigan Law.**

ALLEGATION 138. Plaintiff incorporates the foregoing paragraphs as if set forth in full here.

**ANSWER 138.** **Defendants incorporate by reference paragraphs 1 through 137 of their Answer as set forth fully herein.**

ALLEGATION 139. The requirement that members of Bay View's board of trustees and board of elections be United Methodists and that United Methodist board members be ratified by the United Methodist Church as provided in Article VII of Bay View's Articles of Association and Articles 2 and 7 of Bay View's bylaws violate the "no religious test" clause of the Michigan Constitution, and are therefore void.[3]

**ANSWER 139.** **The allegations contained in paragraph 139 are denied as untrue.**

ALLEGATION 140. Furthermore, MCL § 455.91 prohibits corporations such as Bay View from changing "the general purpose for which such corporation was formed."

**ANSWER 140.** **Paragraph 140 does not contain properly pled allegations of fact but contains legal contentions to which no response is required. To the extent a response is required the defendants deny as untrue the plaintiff's legal contentions.**

ALLEGATION 141. The 1945 amendment to Bay View's purpose clause altered Bay View's purpose to the promotion of the "Christian religion and morality," as noted above, in violation of this requirement.

---

[3] No other oath, affirmation, or any religious test shall be required as a qualification of any office or public trust.
**History:** Const. 1963, Art. XI, § 1, Eff. Jan. 1, 1964.

**ANSWER 141.** **The allegations contained in paragraph 145 are denied as untrue.**

ALLEGATION 142.    In *People v. Young Men's Father Matthew T.A.B. Society*, 41 Mich. 67, 1 NW 913 (1879), Michigan's Supreme Court held that bylaws cannot set forth a religious qualification for membership in a Michigan corporation if the articles of association are silent on the subject.

**ANSWER 142.** **Paragraph 142 does not contain properly pled allegations of fact but contains legal contentions to which no response is required. To the extent a response is required the defendants deny as untrue the plaintiff's legal contentions.**

ALLEGATION 143.    Bay View's articles require that candidates for membership be of good moral character, *without* stipulating a religious affiliation, while Article 1-d of the Bay View bylaws sets forth the requirements for membership which include, among other things, that the applicant is of Christian persuasion and provides a reference letter from the pastor or designated leader of the church of which the applicant is a member or attends.

**ANSWER 143.** **The articles and by-laws speak for themselves and no response is required to paragraph 143.**

ALLEGATION 144.    As such, the bylaws cannot be enforced, and are void.

**ANSWER 144.** **The allegations contained in paragraph 144 are denied as untrue.**

ALLEGATION 145.    In addition, the language in Article 77-B of Bay View's bylaws that requires that the United Methodist Church approve certain bylaw amendments (the "Methodist Control bylaws") are void nunc pro tunc, for the same reason that LARA rejected the Methodist Control Amendments to Bay View's Articles of Association in 2016; specifically, there is no statutory authority that permits Bay View's bylaws to turn over aspects of Bay View's corporate governance to the United Methodist Church.

**ANSWER 145.** **The allegations contained in paragraph 145 are denied as untrue.**

ALLEGATION 146.    Indeed, the Methodist Control bylaws are inconsistent with the provisions of the 1889 Summer Resort Act and the Michigan Nonprofit Corporation Act.

**ANSWER 146.        The allegations contained in paragraph 146 are denied as untrue.**

ALLEGATION 147.    MCL § 450.2488 WAS RECENTLY ADDED TO THE Michigan Nonprofit Corporation Act and it specifies, among other provisions, the procedures that must be followed to limit statutory governance rights of the members of a Michigan nonprofit corporation like Bay View.

**ANSWER 147.        Paragraph 147 does not contain properly pled allegations of fact but contains legal contentions to which no response is required. To the extent a response is required the defendants deny as untrue the plaintiff's legal contentions.**

ALLEGATION 148.    The right of the members of a Michigan nonprofit corporation to amend bylaws can only be curtailed or limited if *all* of the members of the corporation approve the particular limitations at the time they are first instituted.

**ANSWER 148.        Paragraph 148 does not contain properly pled allegations of fact but contains legal contentions to which no response is required. To the extent a response is required the defendants deny as untrue the plaintiff's legal contentions.**

ALLEGATION 149.    The Methodist Control bylaws were not implemented in accordance with the provisions of MCL § 450.2488 and are therefore invalid and illegal.

**ANSWER 149.        The allegations contained in paragraph 149 are denied as untrue.**

WHEREFORE, for the foregoing reasons, the defendants respectfully requests this Honorable Court enter judgment of no cause of action in their favor and award costs as allowed by law.

Respectfully submitted,

DATED:  August 14, 2017                          PLUNKETT COONEY


BY:___/s/Michael S. Bogren_____
            Michael S. Bogren (P34835)
            Attorney for Defendants


### AFFIRMATIVE DEFENSES

NOW COME the defendants, BAY VIEW ASSOCIATION OF THE UNITED METHODIST CHURCH, THE BOARD OF THE BAY VIEW ASSOCIATION OF THE UNITED METHODIST CHURCH and BAY VIEW REAL ESTATE MANAGEMENT, INC., by and through its attorneys, PLUNKETT COONEY and raise the following Affirmative Defenses to the Plaintiffs' Complaint:

1.      The plaintiff lacks standing as the relief requested requires the participation of individual members in the lawsuit.

2.      The defendants are not state actors and have not acted under color of law.

3.      The defendant Board is not a separate legal entity and lacks the capacity to be sued.

4.      The defendants are exempt from the provisions of Title VIII pursuant to 42 U.S.C. § 3607(a).

5.      The plaintiff's claims may be barred by expiration of the applicable statutes of limitations.

6.      The plaintiff's claims for declaratory and injunctive relief are barred by laches.

7.      The plaintiff's claims may be barred by issue preclusion and claim preclusion.

37

8.     To the extent that defendants are state actors, they are immune from punitive damages.

9.     There is no damages remedy for an alleged violation of the Michigan Constitution.


                     Respectfully submitted,

DATED:  August 14, 2017            PLUNKETT COONEY

                     BY:  /s/Michael S. Bogren           
                           Michael S. Bogren (P34835)
                           Attorney for Defendants

Open.00391.72232.18769907-1