UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

**BAY VIEW CHAUTAUQUA
INCLUSIVENESS GROUP,**                    CASE NO. 17-cv-0622-PLM-RSK

    Plaintiff,

vs.                                        HON. Paul L. Maloney

**THE BAY VIEW ASSOCIATION OF
THE UNITED METHODIST CHURCH**, et al.,

    Defendants.

---

| | |
|---|---|
| Sarah S. Prescott (P70510) | Michael S. Bogren (P34835) |
| SALVATORE PRESCOTT & PORTER, PLLC | PLUNKETT COONEY |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 105 East Main Street | 950 Trade Centre Way, Suite 310 |
| Northville, MI 48167 | Portage, MI 49002-0493 |
| (248) 679-8711 | (269) 226-8822 |
| prescott@spplawyers.com | mbogren@plunkettcooney.com |

---

## JOINT STATUS REPORT

A Rule 16 Scheduling Conference is scheduled to be held telephonically on April 6, 2018 at 3:00 p.m. before Hon. Paul L. Maloney. Appearing for the parties as counsel will be:

    Sarah S. Prescott, attorney for plaintiff

    Michael S. Bogren, attorney for defendants

1. **Jurisdiction:** This case involves federal questions arising under 42 U.S.C. § 1983 and the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* The basis for the Court's jurisdiction is 28 U.S.C. §§ 1331 and 1343. The suit also seeks declaratory relief available under 28 U.S.C. § 2201.

2. **Jury or Non-Jury:** This case is to be tried before a jury.

3. **Judicial Availability:** The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case including trial, nor to order the entry of final judgment.

4. **Statement of the Case:**

Plaintiff's claims:  Defendants operate a community of cottages, lodgings, and multi-purpose buildings near Petoskey, Michigan. Bay View was organized under a unique Michigan law that delegates substantial governmental powers to the entity.  Because the entity is invested with, may use and in many cases does use powers and duties reserved to the government, Bay View is bound by the Constitutional and statutory prohibitions against establishment of religion and against religious discrimination. Nevertheless, the Bay View Defendants admittedly enforce and perpetuate rules restricting cottage ownership to practicing Christians. This religious discrimination specifically violates the U.S. and Michigan Constitutions, the Federal Fair Housing Act (42 U.S.C. § 3601 et seq.) and Michigan's Elliott-Larsen Civil Rights Act (MCL § 32.2101 et. seq.). Exemptions for religious adherents to live together under the Fair House and Elliott-Larsen Acts do not apply to Bay View for several reasons.  Finally, Plaintiff has standing as the assignee of the claims of its individual members, per controlling Supreme Court precedent.

Defenses:

It is the defendants' position that Counts I and II alleging a violation of 42 U.S.C. § 1983 and the Michigan constitution respectively fail as a matter of law as Bay View Association is not a state actor. Counts III and IV alleging a violation of Title VIII and the Michigan Civil Rights Act fail as the defendants' policies and practices fall within the religious exemption in those statutes. Bay View Association is a religious organization, or is sufficiently affiliated with the United Methodist Church to qualify for the statutory exemption. Further, it is the defendants' position the

plaintiff lacks standing to make a claim for damages on behalf of its members. Count V alleging a violation of Michigan corporate law also fails. The Bay View by-laws are valid under state law.

5. **Prospects of Settlement:** The parties engaged in pre-suit settlement discussions prior to filing. Indeed, they convened a multi-party joint mediation voluntarily long before this suit was filed. After that failed to resolve the matter, they exchanged pre-suit mediation position statements. That did not move settlement forward. Since filing, the parties mediated with Bill Jack, but they were unable to reach a resolution. The parties see negotiated resolution as unlikely based on these efforts.

6. **Pendent State Claims:** This case involves several pendent claims. The Michigan constitutional and Elliott-Larsen religious discrimination claims are pendent Counts 2 and 4 respectively. Count 5 asserts that the Defendants' repeated attempts to draw closer to the United Methodist Church through a series of bylaw amendments violates State law in a variety of respects and must be enjoined. For example, MCL § 455.91 prohibits corporations such as Bay View from changing "the general purpose for which such corporation was formed," which Defendants seek to do by re-envisioning Bay View as an explicitly Methodist entity. As another example, *In People v. Young Men's Father Matthew T.A.B. Society*, 41 Mich. 67, 1 NW 913 (1879), Michigan's Supreme Court held that bylaws cannot set forth a religious qualification for membership in a Michigan corporation if the articles of association are silent on the subject. Bay View's articles are silent on this issue, yet Defendants have attempted to create such impermissible bylaw restrictions. MCL § 450.2488 was recently added to the Michigan Nonprofit Corporation Act and it specifies, among other provisions, the procedures that must be followed to limit statutory governance rights of the members of a Michigan nonprofit corporation like Bay View. Under this provision, the rights of the members of a Michigan nonprofit corporation to amend bylaws can only be curtailed

or limited if all of the members of the corporation approve the particular limitations at the time they are first instituted—Bay View is attempting to skirt this rule as well.

The defendants' position on plaintiff's state law claims is included in the preceding paragraph. The defendants do not object to the Court exercising supplemental jurisdiction over the state law claims.

7.   **Joinder of Parties and Amendment of Pleadings:** Plaintiff does not expect to file a motion for joinder of parties to this action, nor to amend the pleadings. Any motions for joinder of parties or to amend the pleadings will be filed by May 4, 2018.

8.   **Disclosure and Exchanges:**

   (a)   Fed. R. Civ. P. 26(a)(1) requires initial disclosures unless the Court orders otherwise. The parties propose the following schedule for Rule 26(a)(1) disclosures:

   Initial disclosures to be due by May 4, 2018.

   (b) & (c) The parties respectfully request that they would be permitted to name experts and issue expert reports following the Court's resolution of legal issues calling for declaratory/injunctive relief, both for efficiency's sake and because the resolution may negate the need for the same.

   The defendants request both expert disclosures and expert reports be staggered with plaintiff disclosing thirty days prior to defendants being required to disclose.

   (d)   The parties have agreed to make available the following documents without the need of a formal request for production by May 1, 2018:

   The parties are unable to agree on voluntary production at this time.

9.   **Discovery:**   The Defendants believe that all discovery proceedings can be completed by October 5, 2018. Plaintiff believes discovery can be completed by late July.

The defendants agree with the presumptive limitations on written discovery and the seven hour limitation on depositions. However, the defendants submit the 10 deposition limitation is not

sufficient. Although the plaintiff has not identified its members the defendants believe there are more than ten individual members. Since plaintiff has alleged individualized damages the defendants are entitled to take depositions of each member asserting damages. At this time the defendants do not know how many depositions will be required. Plaintiff does not object to depositions limited to damages in excess of ten (10).

10. **Disclosure or Discovery of Electronically Stored Information:** The parties have discussed the production of electronically stored information and suggest that such information be handled as follows:

The parties do not anticipate the need for complicated electronic discovery. To the extent that there is electronically stored information to be produced by the parties, this discovery shall be produced as that information is used in the ordinary course of business.

The parties do not believe that there is significant electronically stored information; however, the parties will make a good-faith search of e-mails as requested by the opposing party and will produce them either in hard copy form or in electronic form. The parties have instituted litigation holds.

11. **Assertion of Claims of Privilege or Work-Product Immunity After Production:**

In the event that there is an inadvertent disclosure of documents that are legitimately privileged or that constitute trial preparation materials, the receiving party shall notify the disclosing party of the inadvertent disclosure and shall return the documents to the disclosing party.

12. **Motions:** The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive motions, counsel or pro se parties involved in the dispute shall confer in a good-faith effort to

resolve the dispute. In addition, all nondispositive motions shall be accompanied by a separately filed certificate.

The following dispositive motions are contemplated by each party:

Plaintiffs intend to bring a motion for judgment on the pleadings, per FRCP 12(c). Should that not be granted, Plaintiffs intend to bring a partial motion for summary judgment (as to liability), per FRCP 56. Plaintiffs expect to request injunctive and declaratory relief.

The defendants contemplate renewing their motion for judgment on the pleadings based on lack of standing. The defendants also anticipate filing a motion for summary judgment after the close of discovery.

Plaintiff suggests that all dispositive motions be filed by September 5, 2018.

The Defendants suggest that all dispositive motions be filed by November 5, 2018.

13. **Alternative Dispute Resolution:** The Court has required the parties to participate in Alternative Dispute Resolution at this time. The effort was not successful.

14. **Length of Trial:** Counsel estimate the trial will last approximately 6 full days total, allocated as follows: 3 full days for plaintiff's case, and 3 days for defendants' case.

15. **Electronic Document Filing System:** Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. *Pro se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a *pro se* party must <u>file</u> documents electronically but <u>serve</u> *pro se* parties with paper documents in the traditional manner.

16. **Other:** Plaintiffs believe that the primary legal questions involved in this case can and should be decided as a matter of law. They are close to filing a 12(c) motion seeking the declaration that the policies and bylaws of the Defendants, which are not disputed and were attached to the complaint, are void and unenforceable (being contrary to the Federal, State constitution and laws).

Respectfully submitted,

| | |
|---|---|
| /s/ Sarah S. Prescott | /s/ Michael S. Bogren (w/ permission) |
| Sarah S. Prescott (P70510) | Michael S. Bogren (P34835) |
| SALVATORE PRESCOTT & PORTER, PLLC | PLUNKETT COONEY |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 105 East Main Street | 950 Trade Centre Way, Suite 310 |
| Northville, MI 48167 | Portage, MI 49002-0493 |
| (248) 679-8711 | (269) 226-8822 |
| prescott@spplawyers.com | mbogren@plunkettcooney.com |

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2018, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.

Dated: April 3, 2018                /s/ Tara L. Lank
                                    Tara L. Lank, Legal Secretary