# EXHIBIT A

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>57th JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | CASE NO.<br>15-104894-CZ |
|---|---|---|

Court address: 200 Division St, Petoskey, MI 49770

Court telephone no.: (231) 348-1748

| Plaintiff's name(s), address(es), and telephone no(s).<br>SEE ATTACHMENT | v | Defendant's name(s), address(es), and telephone no(s).<br>THE BAY VIEW ASSOCIATION OF THE UNITED METHODIST CHURCH AND THE BOARD OF TRUSTEES THEREOF<br><br>COPY OF THE ORIGINAL FILED IN 57TH CIRCUIT COURT ON 4·10·15<br><br>Registered Office Address:<br>1715 ENCAMPMENT AVE<br>PETOSKEY MI 49770<br>Mailing Address: P.O. Box 583 PETOSKEY MI 49770<br>Phone: (231) 347-6225 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>Brett M. Gelbord (P79312)<br>Matthew J. Lund (P P48632); Robert C. Ludolph (P32721)<br>Pepper Hamilton Llp<br>4000 Town Center, Suite 1800<br>Southfield, MI 48075 - 248.359.7300 | | |

**SUMMONS** | NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state) (MCR 2.111[C]).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued: 4·10·15 | This summons expires: 07·10·15 | Court clerk: [signature] |
|---|---|---|

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT** | Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>Various Cities Nationwide | Defendant(s) residence (include city, township, or village)<br>Registered Office Address: PETOSKEY MI 49770 |
|---|---|
| Place where action arose or business conducted<br>Bay View, Michigan | |

04/09/2015
Date

Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/08) SUMMONS AND COMPLAINT  MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

# SUMMONS AND COMPLAINT
## ADDITIONAL PAGE FOR PLAINTIFFS' CONTACT INFORMATION

PLAINTIFFS' NAMES, ADDRESSES
AND TELEPHONE NUMBERS:

Donald Duquette
505 E. Huron St., #603
Ann Arbor, MI  48104
734-355-1693

Arthur I. Anderson
70 Barnstable Rd.
W. Newton, MA  02465
617-969-3547

David Hager
8 Duncaster Rd.
Bloomfield, CT  06002

John and Mary J. Agria
5626 S. Doubloon Ct., Unit E
Tempe, AZ  85283
231-348-5306

Marjorie Andress Bayes
200 Rampart Way #108
Denver, CO  80230
231-347-4990

Sara B. Holmes
507 Crest
Ann Arbor, MI  48103
734-358-0729

Mr. and Mrs. Douglas Trebilcock
2212 Cranbrook Drive
Midland, MI  48642
 (989) 837-7087

Barbara Merrell
1472 Timber Ln.
Boulder, MI 80304
231-347-4784

Catherine & Michael H. Bright
24 Plank Ln.
St. Marys, GA 31558
(231) 492-0026

Ada & Rev David Kidd
2767 Del Mar Dr.
Okemos, MI 48864-2401
231-347-7728

Helen & Albert Reynolds
2228 Shepherds Ridge Rd.
Charlottesville, VA 22901-0674
(434) 296-0673

David & Janet Scarrow
1034 Essex Cir.
Kalamazoo, MI 49008-2349
213-348-7584

Charles & Karen Weaver
5836 Windstar Cir.
Waterford, MI 48327
248-821-7062

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF EMMET

JOHN AGRIA, MARY AGRIA, ARTHUR
ANDERSON, MARJORIE BAYES,
CATHERINE M. BRIGHT, MICHAEL H.
BRIGHT, DONALD N. DUQUETTE, DAVID
HAGER, SARA HOLMES, ADA KIDD,
REV DAVID KIDD BARBARA MERRELL,
HELEN REYNOLDS, ALBERT
REYNOLDS, DAVID SCARROW, JANET
SCARROW, REV. DOUGLAS
TREBLICOCK, KAY TREBLICOCK,
CHARLES WEAVER, AND KAREN
WEAVER, AS MEMBERS OF THE BAY
VIEW ASSOCIATION OF THE UNITED
METHODIST CHURCH,

Case No. 15-104894-CZ

Hon. Charles W. Johnson

COPY OF THE ORIGINAL
FILED IN 57TH CIRCUIT
COURT ON 4-10-15

Plaintiffs,

v.

THE BAY VIEW ASSOCIATION OF THE
UNITED METHODIST CHURCH AND THE
BOARD OF TRUSTEES THEREOF, IN
THEIR OFFICIAL CAPACITY,

Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT AND EQUITABLE RELIEF

Plaintiffs John Agria, Mary Agria, Arthur Anderson, Marjorie Bayes, Catherine M. Bright, Michael H. Bright, Donald N. Duquette, David Hager, Sara Holmes, Ada Kidd, Rev. David Kidd, Barbara Merrell, Helen Reynolds, Albert Reynolds, David Scarrow, Janet Scarrow, Rev. Douglas Treblicock, Kay Treblicock, Charles Weaver, and Karen Weaver, by their counsel, bring this Complaint for Declaratory Judgment and Equitable Relief against Defendants, The Bay View Association of the United Methodist Church and the Board of Trustees Thereof, and state as follows:

#33121476 v1

## NATURE OF THE ACTION

1. This is an action by members of a Summer Resort Corporation seeking a declaratory judgment that a by-law provision is void as inconsistent with Michigan law.

2. This action also seeks an order directing the Trustees to give effect to a majority vote of the members amending the Association's By-laws that took place in 2013, but that the Trustees did not enact.

3. This type of action is authorized by MCL 450.1489 and/or MCL 450.2489.

## THE PARTIES

4. Plaintiffs are members of the Bay View Association of the United Methodist Church ("Bay View" or the "Association"). In addition to being members, Plaintiffs own cottages located on land leased from Bay View, located in Emmet County.

5. Defendants are the Bay View Association of the United Methodist Church, and the Trustees of the Bay View Association, who are elected by the members and empowered by statute to govern the affairs of Bay View.

6. Bay View is a Summer Resort Association, organized under the 1889 Summer Resort and Assembly Associations Act, MCL 455.51 et seq. Bay View is located in Emmet County, Michigan.

## JURISDICTION AND VENUE

7. MCR 2.605 grants jurisdiction over actions for declaratory relief to a court "if the court would have jurisdiction of an action on the same claim or claims in which the plaintiff sought relief other than a declaratory judgment."

8. This Court has jurisdiction over this matter because the claims at issue: 1) relate to the rights of members of an entity organized under the laws of this state and are specifically

authorized by MCL 450.1489 and/or MCL 450.2489, and; 2) the amount in controversy exceeds $25,000.

9. Venue is proper in this Court because the Defendants principally conduct their official duties as trustees in Emmet County and because Bay View is located in Emmet County.

## FACTUAL ALLEGATIONS

## THE MEMBERSHIP BY-LAW PROVISION

10. Section 1.D. of the Bay View By-laws currently reads:

> An individual may be accepted as a Leaseholding or Associate member upon a two-thirds vote of the Board of Trustees if the individual complies with the following membership qualifications and requirements:
>
> > 1. Pays the initial membership fee, which shall accompany the membership application.
> >
> > 2. Completes and files the Association membership application form with the Bay View Administrative Office.
> >
> > 3. Is at least eighteen years of age.
> >
> > 4. Is of good moral character and will support the Association's purpose and objectives.
> >
> > 5. Is of Christian persuasion.
> >
> > 6. Provides reference letters attesting to the applicant's fulfillment of the above membership requirements from:
> >
> > > i. The pastor or designated leader of the church of which the applicant is a member or attends;
> > >
> > > ii. At least two members of the Bay View Association, excluding relatives of the applicant, members of the Board of Trustees and anyone associated with the transfer of the lease; and
> > >
> > > iii. At least two persons of the applicant's choice, excluding relatives.
> >
> > 7. Completes a satisfactory interview with the Membership Committee or its designee and receives a favorable vote of

- 3 -

the Committee affirming that the applicant is qualified and supports the Association's purpose and objectives.

## THE 2013 VOTE

11. On or about August 3, 2013, the members of Bay View exercised their rights and voted to amend By-law Section 1.D.

12. Specifically, 364 out of 702 of the voting members (approximately 52%) voted in favor of amending By-law Section 1.D.

13. The August 2013 vote approved the amendment of By-law Section 1.D, with the key changes appearing at points 5, 6, and 7 (underlined below for clarity) to read as follows:

> An individual may be accepted as a Leaseholding or Associate Member upon a two-thirds vote of the Board if the individual complies with the following membership qualifications and requirements:
>
>> 1. Pays the initial membership fee, which shall accompany the membership application.
>>
>> 2. Completes and files the Association membership application form with the Bay View Administrative Office.
>>
>> 3. Is at least eighteen years of age.
>>
>> 4. Is of good moral character and will support the Association's purpose and objectives.
>>
>> 5. <u>Affirms an understanding and support for the association's Christian values and traditions and its historic Chautauqua roots.</u>
>>
>> 6. <u>Commits to active support of Bay View's heritage and values by encouraging, enhancing and promoting its religious, cultural, educational, and recreational programs.</u>
>>
>> 7. <u>Provides reference letters attesting to the applicant's fulfillment of the above membership requirements from:</u> 9
>>
>>> i. <u>At least two members of the Bay View Association, excluding relatives of the applicant, members of the Board of Trustees and anyone associated with the transfer of the lease; and</u>

- 4 -

#33121476 v1

> ii. At least two persons of the applicant's choice, excluding relatives.
>
> 8. Completes a satisfactory interview with the Membership Committee or its designee and receives a favorable vote of the Committee affirming that the applicant is qualified and supports the Association's purpose and objectives.

14. Despite receiving a majority vote, the Trustees did not enact the amendments to Section 1.D.

15. In not enacting the amendment, the Trustees pointed to By-law Provision 77-B which reads:

> A two-thirds favorable vote of the membership voting on the issue shall be required to adopt a proposed By-Law or By-Law amendment. In addition, any amendment to Paragraphs 2 regarding the Methodist majority and conference ratification requirements only, 75-B or 77-B, must be approved by the Detroit and West Michigan annual conferences of the United Methodist Church.

### THE VOID BY-LAW PROVISION

16. By-law Provision 77-B is inconsistent with the language of the 1889 Summer Resort and Assembly Associations Act.

17. Specifically, MCL 455.59, titled "Board of trustees; by-laws and orders, amendment, rescission" provides that:

> Such board of trustees may from time to time make such orders and by-laws relating to the matters hereinbefore specified and to the business and property of the association as shall seem proper, and may amend the same from time to time, <u>provided always that the same may be amended or rescinded by a majority vote at any annual meeting of the association.</u>

(emphasis added).

18. The Trustees, therefore, relied on one By-law provision that has no legal force to block the amendment of another By-law provision that was duly approved by a majority vote of the members of Bay View, pursuant to MCL 455.59.

- 5 -

#33121476 v1

19. By refusing to enact the August 2013 majority vote, the Trustees are acting illegally, and in ignoring the majority vote of the membership, the Trustees are unlawfully oppressing the Plaintiff's interests in Bay View.

20. Furthermore, the unnecessarily restrictive nature of By-law Section 1.D limits the ability of Bay View members to sell their cottages at all, let alone at a fair value.

21. The restrictions of By-law Section 1.D may also interfere with Bay View members' estate planning activities, as Bay View members are restricted as to whom they may designate as recipients of their ownership of a cottage located on Bay View property.

22. Cottages at Bay View have historically ranged in price from $100,000 to $500,000.

## COUNT I
## (DECLARATORY JUDGMENT)

23. Plaintiffs hereby repeat and reallege the preceding allegations as though fully set forth herein.

24. This court has power under MCR 2.605, MCL 450.1489 and/or MCL 450.2489 to adjudicate the matters at issue, enter its judgment declaring the rights of all parties to this action and fashion any other equitable relief deemed just and proper.

25. It is necessary for this court to adjudicate and declare the rights of the parties to this action to enable Bay View to move forward with conducting its business in compliance with the existing statutory framework that governs said business, and furthermore, so that the members of Bay View can have the necessary knowledge of their rights and responsibilities as members to enable them to conform their actions and expectations accordingly.

#33121476 v1

26. Specifically, Plaintiffs seek a declaratory ruling by this Court establishing that By-law Section 77-B of the Bay View Association of the United Methodist Church is unenforceable as a matter of law, and therefore void.

## COUNT II
## (INJUNCTIVE RELIEF)

27. Plaintiffs hereby repeat and reallege the preceding allegations as though fully set forth herein.

28. This Court is specifically granted the authority to grant injunctive or other equitable relief by MCL 450.1489 and/or MCL 450.2489.

29. Upon a declaration that Bay View By-law Section 77-B is void, there being no other adequate remedy at law, this Court should issue an order requiring the Trustees to adopt the Amended By-law Provision 1.D, as approved by a majority vote of Bay View members, on or about August 3, 2013.

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Issue a declaration that By-law Section 77-B of the Bay View Association of the United Methodist Church is inconsistent with MCL 455.59, and therefore void and unenforceable;

2. Grant injunctive relief in the form of an order requiring the Trustees of the Bay View Association of the United Methodist Church to adopt the amendment to By-law Section 1.D, as duly approved by a majority of the members of the Bay View Association of the United Methodist Church on or about August 3, 2013, and;

3. Award such further relief deemed just and appropriate.

- 8 -

Respectfully submitted,

*/s/ Brett Gelbord*

BRETT M. GELBORD (P79312)
MATTHEW J. LUND (P P48632)
ROBERT C. LUDOLPH (P32721)
PEPPER HAMILTON LLP
Suite 1800
4000 Town Center
Southfield, MI  48075
248.359.7300
gelbordb@pepperlaw.com
lundm@pepperlaw.com
ludolphr@pepperlaw.com
*Attorneys for Plaintiffs*

#33121476 v1