# EXHIBIT B

STATE OF MICHIGAN

IN THE 57TH CIRCUIT COURT FOR THE COUNTY OF EMMET

JOHN AGRIA, et al, as MEMBERS OF THE
BAY VIEW ASSOCIATION OF THE UNITED
METHODIST CHURCH,

                          Plaintiffs

v                                                   File No. 15-104894-CZ

THE BAY VIEW ASSOCIATION of the UNITED
METHODIST CHURCH and the BOARD OF TRUSTEES
THEREOF, IN THEIR OFFICIAL CAPACITY,

                          Defendants

## OPINION

This case presents a single question of law, arising from a membership vote to amend a By-Law of the Defendant. Plaintiffs argue that the two-thirds majority requirement in Defendant's By-Laws for passage of an amendment violates MCL 455.59. However, this statute is inapplicable, on its face, to the By-Law in question. Summary disposition is granted to Defendant.

Plaintiffs are members of Defendant, the Bay View Association of the United Methodist Church. (herein "Bay View") Bay View is a "Chautauqua" organization.[1] It is organized and operates under the authority of the Summer Resort and Assembly Associations Act, 1889 PA 39, being MCL 455.51, et seq. (herein, "SRAAA")

On August 3, 2013, Bay View held its 138th Annual Meeting. At the meeting, the members voted on a proposal to amend the By-Laws. The proposed amendment was to Paragraph 1.D of the By-Laws governing membership qualifications. The vote of the members was 364 in favor, and 338 opposed.

While a majority of approximately 52% voted in favor of the proposed amendment, it was determined to have been defeated, due to the supermajority voting provision in Paragraph 77-B of the By-Laws, which states:

> "Vote. A two-thirds favorable vote of the membership voting on the issue shall be required to adopt a proposed By-Law or By-Law amendment. In addition, any amendment to Paragraphs 2 regarding the Methodist majority and conference ratifications requirements only, 75-B or 77-B, must be approved by the Detroit and West Michigan annual conference

---

[1] https://en.wikipedia.org/wiki/Chautauqua

1

of the United Methodist Church."

Plaintiffs brought this suit seeking a declaratory judgment that Paragraph 77-B is void and unenforceable, and injunctive relief determining that the proposed amendment was passed and to require that it be put into effect. Plaintiffs seek summary disposition under MCR 2.116(C)(10). Bay View also seeks summary disposition under MCR 2.116(I)(2). The motion was heard by this Court on June 16, 2015.

The issue presented in this case requires judicial construction of Section 9 of the SRAAA. It appears to be a matter of first impression, in that there is no published authority construing Section 9. The statutory language is as follows:

> "Such board of trustees may from time to time make such orders and by-laws relating to the matters hereinbefore specified and to the business and property of the association as shall seem proper, and may amend the same from time to time, provided always that the same may be amended or rescinded by a majority at any annual meeting of the association."

> MCL 455.59; MSA 21.699

The "cardinal rule" of statutory construction is to ascertain and carry out the intent of the Legislature.

> "The primary rule of statutory construction is to determine and effectuate the intent of the Legislature through reasonable construction in consideration of the purpose of the statute. . . Where a statute is clear and unambiguous, judicial construction is precluded. . . If judicial interpretation is necessary, the Legislature's intent must be gathered from the language used, and the language must be given its ordinary meaning."

> *Frankenmuth Ins Co v Marlette Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998) (citations omitted).

If the language is clear on its face, the court can go no further, and must interpret the statute according to the plain meaning of the words used by the Legislature.

> "When that language is unambiguous, no further judicial construction is required or permitted, because the Legislature is presumed to have intended the meaning it plainly expressed."

> *People v Stone*, 463 Mich 558, 563; 621 NW2d 702 (2001)

Plaintiffs argue that Section 9 of the SRAAA "very specifically vests in the trustees the power to make by-laws, and subjects the by-laws to amendment and/or rescission by a majority vote of the membership."[2] The Court agrees that Section 9 empowers Bay View's Board of Trustees to make

---

[2] Plaintiffs' brief, page 11.

2

*certain* "orders and by-laws". As to such "orders and by-laws", i.e., those made by the Board, they are subject to amendment or recission by a majority vote of the members.

However, By-Law 77-B is not one made by Bay View's Board of Trustees. It is a provision put in place by a vote of the membership. In addition, as explained below, it is not a By-Law that the Board is empowered to make.

Bay View has provided the Court with a copy of it's By-Laws from 1969, as well as the By-Laws currently in effect. The 1969 By-Laws include a Preamble as follows:

> "At the Annual Meeting of the Bay View Association held August 7, 1968, a motion was adopted authorizing the President to appoint a special committee of five members of the Association to study the By-Laws and to present its recommendation for revision thereof, if any at least 30 days prior to the Annual Meeting of the Association in 1969...
>
> The Committee has completed its assignment; its *recommendations were adopted at the 1969 Annual Meeting*, and the following pages contain the current By-Laws of the Association including all revisions and amendments thereto in 1947, 1962 and 1969."
>
> (emphasis added)

The 1969 By-Laws, as adopted by the membership, included in Paragraph 92, language substantially identical to the current language in Paragraph 77-B. Plaintiffs do not dispute that historically the adoption and modification of the By-Laws of Bay View has been a matter done upon a vote of the membership, not by action of the Board.

In any case, it is clear from the 1969 By-Laws, as quoted above, that those By-Laws, including the supermajority voting requirement applicable to amendments, were put in place by vote of the membership. By-Law 77-B is not a by-law made by the Board. Thus, it is not subject to being overturned by the vote of a majority per Section 9 of the SRAAA.

The language of Section 9 is also clear that the Board's authority to make by-laws is limited. The statute indicates that the Board may make "such orders and by-laws *relating to the matters hereinbefore specified and to the business and property of the association...*" (emphasis added)

As this Court interprets Section 9, it must do so in the context of the entire legislative scheme.

> "In interpreting a statute, this Court avoids a construction that would render any part of the statute surplusage or nugatory... When considering the correct interpretation, the statute must be read as a whole... Individual words and phrases, while important, should be read in the context of the entire legislative scheme."
>
> *Michigan Properties, LLC v Meridian Twp*, 491 Mich 518, 528; 817 NW2d 548 (2012) (citations omitted)

3

The reference in Section 9 to "the matters hereinbefore specified" requires an examination of the earlier sections of the SRAAA. In the first sentence of Section 8, the Legislature enacted the following clear limitation on the powers of the Board:

> "The board of trustees shall have the management and control of the business, finances, rights, interests, buildings and all property, real and personal, of the association, and shall represent the association with full power and authority to act for it in all things whatsoever, ***subject only to*** the provisions of this act and ***the by-laws of the association and any special directions that may be given in regard thereto by a vote of any annual meeting.***"

MCL 455.58; MSA 21.698 (emphasis added)

The language emphasized above makes it crystal clear that the powers of the Board are limited by the provisions set forth in by-laws and special directions made by vote of the members. The members have the power and authority to make by-laws, as the members of Bay View have done. These are not by-laws made by the Board. Therefore, they are not subject to being undone by a majority vote of the members per Section 9.

While recognizing the superior authority of the members, as indicated above, Section 8 also, in the lengthy third sentence, sets forth the parameters of the Board's authority to make "orders and by-laws." These are the "matters hereinbefore specified" as to which Section 9 grants the Board power to make by-laws.

These powers of the Board can be generally summarized as the power to enact reasonable regulations with respect to issues of health, safety and welfare. Nothing in the language of Section 8, or any other provision of the SRAAA, supports the proposition that the Board is empowered to make by-laws concerning matters involving membership qualifications or the amendment of the by-laws put in place by the members.

In conclusion, the clear language of Section 9 indicates that the power of a board to make by-laws is limited. It does not include the power to make any by-law contrary to one in place by vote of the members. Paragraph 77-B of Defendant's By-Laws was put in place by the vote of the members of Bay View. It is not, nor could it be, a by-law made or amended by the Board. Thus, the language in Section 9 of the SRAAA has no application to this By-Law.

For the reasons as indicated above, Plaintiffs' motion for summary disposition is denied and summary disposition is granted to Bay View. Counsel for Bay View shall submit an Order consistent with this Opinion.

Dated: 6/26/15

Charles W. Johnson
Circuit Judge

cc: Brett M. Gelbord
    Michael S. Bogren

4

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF EMMET

JOHN AGRIA, MARY AGRIA, ARTHUR
ANDERSON, MARJORIE BAYES,
CATHERINE M. BRIGHT, MICHAEL H.
BRIGHT, DONALD N. DUQUETTE, DAVID
HAGER, SARA HOLMES, ADA KIDD,
REV. DAVID DIDD, BARBARA MERRELL,
HELEN REYNOLDS, ALBERT REYNOLDS,
DAVID SCARROW, JANET SCARROW,
REV. DOUGLAS TREBLICOCK, KAY
TREBLICOCK, CHARLES WEAVER, AND
KAREN WEAVER, AS MEMBERS OF THE
BAY VIEW ASSOCIATION OF THE
UNITED METHODIST CHURCH,

    Plaintiffs,

v.

THE BAY VIEW ASSOCIATION OF THE
UNITED METHODIST CHURCH AND
THE BOARD OF TRUSTEES THEREOF,
IN THEIR OFFICIAL CAPACITY,

    Defendants.

Case No. 15-104894 - CZ

Hon. Charles W. Johnson



FILED EMMET COUNTY CLERK 2015 JUL -9 P 12: 58

---

**ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY DISPOSITION, GRANTING DEFENDANTS' COUNTER-MOTION FOR SUMMARY DISPOSITION AND ENTERING JUDGMENT FOR DEFENDANTS.**

THIS MATTER came before the Court on the plaintiffs' motion for summary disposition pursuant to MCR 2.116(C)(10). The defendants filed a Response Brief and moved for summary disposition pursuant to MCR 2.116(I)(2). The Court reviewed the submissions of the parties and heard oral argument on June 16, 2015.

JUL 13 2015

1

IT IS ORDERED that plaintiffs' motion for summary disposition pursuant to MCR 2.116(C)(10) is **DENIED** and defendants' motion for summary disposition pursuant to MCR 2.116(I)(2) is **GRANTED** for the reasons stated by the Court in its written Opinion dated June 26, 2015. Judgment is entered in favor of defendants.

Pursuant to MCR 2.602(A)(3) this judgment resolves the last pending claim and closes this case.

Date: 7/9/15

Hon. Charles W. Johnson
Circuit Court Judge

Open.00391.51367.15628086-1

2