UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BAY VIEW CHAUTAUQUA
INCLUSIVENESS GROUP,

    Plaintiff,

v.                                                                          Case No. 1:17-cv-622-PLM-RSK

THE BAY VIEW ASSOCIATION OF                       HONORABLE PAUL L. MALONEY
THE UNITED METHODIST CHURCH,
et al.,

    Defendants.

---

| | |
|---|---|
| Sarah S. Prescott (P70510)<br>SALVATORE PRESCOTT & PORTER, PLLC<br>Attorneys for Plaintiff<br>105 East Main Street<br>Northville, MI 48167<br>(248) 679-8711<br>prescott@spplawyers.com | Michael S. Bogren (P34835)<br>PLUNKETT COONEY<br>Attorneys for Defendants<br>950 Trade Centre Way, Suite 310<br>Portage, MI 49002-0493<br>(269) 226-8822<br>mbogren@plunkettcooney.com |
| Daniel Mach (DC Bar No. 461652)<br>Heather Weaver (DC Bar No. 495582)<br>ACLU FOUNDATION<br>Attorneys for Proposed *Amici*<br>915 15th Street NW, Sixth Floor<br>Washington, DC 20005<br>(202) 675-2330<br>dmach@aclu.org<br>hweaver@aclu.org | Michael J. Steinberg (P43085)<br>ACLU FUND OF MICHIGAN<br>Attorneys for Proposed *Amici*<br>2966 Woodward Avenue<br>Detroit, Michigan 48201<br>(313) 578-6814<br>msteinberg@aclumich.org |

---

**UNOPPOSED MOTION OF THE AMERICAN CIVIL LIBERTIES UNION AND THE AMERICAN CIVIL LIBERTIES UNION OF MICHIGAN FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

    The American Civil Liberties Union and the American Civil Liberties Union of Michigan (collectively, the "ACLU") file this motion for leave to file an *amicus curiae* brief in support of

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 38) for the reasons that follow, and based on the attached brief in support:

1. The American Civil Liberties Union is a nationwide, nonprofit, nonpartisan organization with more than 1.5 million members dedicated to defending the principles embodied in the U.S. Constitution and our nation's civil rights laws. The ACLU of Michigan is a state affiliate of the national ACLU with more than 38,000 members.

2. The ACLU is well-positioned to submit an *amicus* brief in this case, as it has long fought to eliminate housing discrimination on the basis of race, religion, ethnicity, disability, sex, and other protected characteristics. *See, e.g.*, *Amici Curiae* Brief of the American Civil Liberties Union et al. in Support of Respondent, *Tex. Dep't of Housing & Cmty. Affairs v. Inclusive Communities Project*, 135 S. Ct. 2507 (2015) (No. 13-1371), 2014 WL 7405733 (supporting disparate-impact analysis); *Boswell v. Gumbaytay*, No. 2:07-CV-135-WKW[WO], 2009 WL 1515912 (M.D. Ala. June 1, 2009) (entering default judgment against apartment manager for sexual harassment of tenant).

3. Moreover, for nearly a century, the ACLU has been dedicated to preserving religious liberty and fighting religious discrimination. For example, the ACLU has served as counsel in numerous cases defending the rights of people of all faiths, nationally and in Michigan. *See, e.g.*, *Hanas v. Inner City Christian Outreach, Inc.*, 542 F. Supp. 2d 683 (E.D. Mich. 2008) (entering declaratory judgment in favor of Catholic man whose free-exercise rights had been violated by court-ordered faith-based rehabilitation program); *see also, e.g.*, *Bible Believers v. Wayne County*, 805 F.3d 228 (6th Cir. 2015) (en banc) (upholding the First Amendment rights of Christian group to engage in anti-Islam speech, which, while offensive, did not arise to incitement or fighting words.); *Arnold v. Washington*, No. 13-14137, 2018 WL

1

1156475 (E.D. Mich. Mar. 5, 2018) (denying defendant's motion to dismiss a case where the ACLU represents a Jewish prisoner seeking kosher meals); Verified Complaint, *Allen v. English*, No. 3:16-cv-712 (M.D. Ala. Aug. 30, 2016) (case settled on behalf of Christian woman after the DMV forced her to remove her headscarf, which she wears for religious reasons); *Singh v. McHugh*, 109 F. Supp. 3d 72 (D.D.C. 2015), *amended,* 185 F. Supp. 3d 201 (D.D.C. 2016) (granting summary judgment requiring ROTC accommodation of Sikh student's articles of faith).[1]

4. Because this case involves the intersection of fair housing laws and religious discrimination, the ACLU has a strong interest in its proper resolution. Drawing on the ACLU's century of experience in defending religious liberty, as well as its experience in advocating for victims of housing discrimination, the proposed brief would aid this Court by placing the Defendants' conduct into the necessary historical context. The proposed brief discusses the history of housing discrimination across the country, particularly against those of the Jewish and Catholic faiths, as well as in Michigan, and demonstrates why Defendants' religious restriction on homeownership runs afoul of the spirit and letter of the federal Fair Housing Act and Michigan's Elliott-Larsen Civil Rights Act. In addition, the proposed brief would aid this Court by demonstrating the continuing importance of fair housing protections for religious minorities. Finally, drawing on the ACLU's extensive background in defending the separation of church and state, this Court would be aided by the brief's discussion of fundamental Establishment Clause principles and the violation of those principles that occurs when state actors, such as Bay View, engage in religious discrimination.

---

[1] A more detailed history of the ACLU's free-exercise work is available online at http://www.aclu.org/defendingreligion.

5. Pursuant to Local Rule 7.1(d), the ACLU has contacted the parties regarding submission of this brief to seek concurrence and has attached the necessary certificate of compliance. As set forth in the certificate of compliance, neither Plaintiffs nor Defendants oppose this motion.

6. If this motion is granted, the ACLU will file the brief attached as Exhibit A.

In light of the foregoing and the reasons stated in the accompanying brief, the ACLU respectfully requests that the Court grant leave to file the attached proposed *amicus* brief in support of Plaintiff's Motion for Judgment on the Pleadings.

Respectfully submitted,

s/Michael J. Steinberg
Michael J. Steinberg (P43085)
ACLU Fund of Michigan
2966 Woodward Avenue
Detroit, Michigan 48201
(313) 578-6814
msteinberg@aclumich.org

s/Daniel Mach
Daniel Mach (DC Bar No. 461652)
Heather Weaver (DC Bar No. 495582)
ACLU Foundation
915 15th Street NW, Sixth Floor
Washington, DC 20005
(202) 675-2330
dmach@aclu.org
hweaver@aclu.org

Dated: April 30, 2018

## BRIEF IN SUPPORT OF ACLU'S UNOPPOSED MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF

Pursuant to Local Rule 7.1(a), the ACLU submits this brief in support of its motion for leave to file an *amicus curiae* brief. Whether to grant a motion for leave to file an *amicus* brief is in the sound discretion of the Court. This Court has granted leave to file *amicus curiae* briefs in a variety of contexts and cases. *See, e.g., In re Green*, 103 B.R. 852, 854 n.2 (W.D. Mich. 1988) (acknowledging "thoughtful" *amicus* brief of National Legal Foundation arguing that Court's approval of Chapter 13 repayment plan did not violate Establishment Clause); *see also, e.g.*, *Brott v. United States*, No. 1:15-cv-38, 2016 WL 5922412, at *1 (W.D. Mich. Mar. 28, 2016) (stating that the Court accepted *amicus* briefs at the motion to dismiss stage); *Mich. Protection & Advocacy Serv., Inc. v. Caruso*, 581 F. Supp. 2d 847, 849, 860 (W.D. Mich. 2008) (noting and citing to *amicus* brief filed with leave of court during summary judgment briefing); *Cmty. First Bank v. Nat'l Credit Union Admin.*, 832 F. Supp. 1118, 1121 n.2 (W.D. Mich. 1993) (acknowledging several groups were allowed to file *amicus* briefs at summary judgment stage); *Mich. Injured Workers v. Blanchard*, 647 F. Supp. 571, 573 (W.D. Mich. 1986) (stating that the Court permitted filing of multiple *amicus* briefs in support of motion for preliminary injunction ultimately granted by the Court); *McDaniel v. Essex Int'l, Inc.*, 509 F. Supp. 1055, 1067 (W.D. Mich. 1981) (recognizing that the three *amicus* briefs filed at summary judgment stage of a Title VII religious discrimination case indicated the importance of the litigation).

In this case, this Court should exercise its discretion to permit the filing of the ACLU's *amicus* brief. As discussed in the accompanying motion, the ACLU provides an important historical perspective on the legal issues presented in this case. Moreover, the ACLU has a significant interest in the outcome of this case given its longstanding commitment to issues of

4

fair housing and religious liberty. The intersection of these civil-liberties issues make the ACLU uniquely positioned to offer an *amicus* brief here.

Accordingly, the ACLU respectfully requests that this Court grant leave to allow the ACLU to file the attached brief.

        Respectfully submitted,

s/Michael J. Steinberg
Michael J. Steinberg (P43085)
ACLU Fund of Michigan
2966 Woodward Avenue
Detroit, Michigan 48201
(313) 578-6814
msteinberg@aclumich.org

s/Daniel Mach
Daniel Mach (DC Bar No. 461652)
Heather Weaver (DC Bar No. 495582)
ACLU Foundation
915 15th Street NW, Sixth Floor
Washington, DC 20005
(202) 675-2330
dmach@aclu.org
hweaver@aclu.org

Dated: April 30, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2018, I electronically filed the foregoing document with the Clerk of the Court using the ECF system through which all counsel of record will be notified. Parties may access this filing through the Court's system. I certify that a copy of the foregoing has been served by ordinary U.S. Mail upon all parties for whom counsel has not yet entered an appearance electronically: None.

          s/Daniel Mach
          Daniel Mach