# EXHIBIT B



**SALVATORE PRESCOTT & PORTER**

Employment | Civil Rights | Business Litigation
Criminal Defense | Investigations

**Detroit**
105 East Main Street      P: 248.679.8711
Northville, MI 48167      F: 248.773.7280

**Chicago**
1010 Davis Street         P: 312.283.5711
Evanston, IL 60201        F: 312.724.8353

W: spplawyers.com

June 28, 2017

**Sent via First-Class Mail**
President Jon M. Chism
The Bay View Association of the United Methodist Church
1715 Encampment Avenue
Petoskey, MI 49770

**Re: Planned Litigation – Inadmissible MRE/FRE 408**

Dear President Chism and Members of the Board of Trustees:

The controversy about Bay View's membership policies has a long and difficult history driven by the great affection that members of Bay View have for this community. Various efforts to resolve the matter have had no success. Bylaw amendment proposals that would have altered unlawful membership requirements were supported by a majority of voting members, but failed because they did not achieve the required 2/3 super-majority threshold. The strong feelings on both sides of the issue reflect the concern members have for Bay View and its traditions. Since the issue is at an impasse, a group of concerned individuals is seeking a final legal resolution of the matter.

Enclosed with this letter is a draft complaint for the Federal District Court of the Western District of Michigan alleging religious discrimination and civil rights violation against The Bay View Association of the United Methodist Church. The plaintiff is the Bay View Chautauqua Inclusiveness Group. The Michigan Chapter of the American Civil Liberties Union and the Anti-Defamation League support the Bay View Chautauqua Inclusiveness Group in this effort to bring Bay View's membership policies into compliance with the law, and plan to play roles in the litigation, should it be necessary.

Bay View's leadership has misunderstood the laws relating to Bay View since 1942 when the Board adopted a resolution limiting Bay View membership to Christians and those of the "white race". The most recent example of the Board misunderstanding relevant laws is the 2015 amendments to Bay View's articles, which attempted to turn over control of certain aspects of Bay View's corporate governance to the United Methodist Church. The two-page Summary of Key Legal Points accompanying this letter contains an overview of the provisions of Bay View's articles and bylaws that violate applicable law.

Bay View is not like a neighborhood association or a corporation. It is vested with substantial governmental powers and responsibilities pursuant to the 1889 Summer Resort and Assembly Act, MCL 455.51, *et seq*. Just one example of many is that Bay View has the power to

create rules of conduct and enforce them with a marshal endowed with the power of a deputy sheriff. The average neighborhood homeowner's association is not entrusted with that sort of governmental power. The Michigan Supreme Court, the Michigan Court of Appeals and the Attorney General have all affirmed that the powers and responsibilities of summer resort associations like Bay View are governmental in nature. It is widely understood that authorities must not discriminate against individuals based on their religion. This practice deprives members and potential members of their Constitutional and civil rights. Moreover, Federal and State law make it unlawful to publicly market and restrict sales based on religion.

The proposed remedy is set out in the draft Complaint: we seek to remove, replace or declare unenforceable the existing provisions of the Bay View Articles of Association and By-laws that are inconsistent with the Constitutional and statutory prohibitions against establishment of religion and religious discrimination in housing. Bay View simply cannot go on favoring one religion over another, nor may it require religious conformity as a requirement for owning a cottage.

The Bay View Chautauqua Inclusiveness Group values the historic association with the United Methodist Church and would also be happy to work with you to establish a formal affiliation agreement with the United Methodist Church that is consistent with the separation of church and state doctrines of the US and MI constitutions. The Inclusiveness Group does not want to alter Bay View's traditional values as a Chautauqua, but hopes to return it to its roots as a community which is open and welcoming. In fact, they sincerely believe that a more inclusive Bay View will be a stronger and more vibrant Bay View ready to face our common future.

While the proposed litigants are fundamentally and absolutely committed to seeing this matter resolved in court if need be, they have asked me to reach out with a last attempt to achieve an agreement. Our hope is that Bay View will acknowledge that its policies are illegal and cannot be maintained. A settlement of this long dispute would be in the interest of all. A lawsuit may be expensive and could bring unwelcome publicity to Bay View. We invite you and your counsel to meet with us to engage in pre-filing negotiations with the goal of resolving this issue without the need for litigation. Consistent with Robert's Rules of Order, this matter could be resolved with a majority vote of the Board of Trustees in favor of a consent decree.

Please contact me by July 7. If we cannot reach a satisfactory resolution, we will pursue the matter further.

Sincerely

Sarah A. Prescott
Attorney for the Bay View Chautauqua
Inclusiveness Group

2

Jon M. Chism
June 28, 2017
Page 3 of 3

cc: Michael J. Steinberg, Legal Director (via e-mail)
ACLU of Michigan (via First-Class Mail)
Heidi Budaj, Director (via e-mail)
Michigan Anti-Defamation League (via First-Class Mail)
Michael Spencer, Executive Director of Bay View (via e-mail)
Bishop David Bard, United Methodist Church, Michigan District (via First-Class Mail)
Andrew Vobrich, Chancellor, United Methodist Church, Michigan District (via e-mail)