# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **BAY VIEW CHAUTAUQUA INCLUSIVENESS GROUP,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CASE NO. 1:17-CV-0622 |
| **THE BAY VIEW ASSOCIATION OF THE UNITED METHODIST CHURCH, et al.,** ) | |
| ) | |
| Defendants. ) | |
| ────────────────────────── ) | |
| ) | |
| **BAY VIEW CHAUTAUQUA INCLUSIVENESS GROUP,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:19-CV-00291 |
| ) | |
| **THE BAY VIEW ASSOCIATION OF THE UNITED METHODIST CHURCH, et al.,** ) | |
| ) | |
| Defendants. ) | |
| ────────────────────────── ) | |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.  1:19-cv-551 |
| ) | |
| **THE BAY VIEW ASSOCIATION OF THE UNITED METHODIST CHURCH** ) | |
| ) | |
| Defendant. ) | |
| ────────────────────────── ) | |

## <u>JOINT MOTION FOR ENTRY OF PROPOSED CONSENT ORDER</u>

The Parties jointly move the Court to approve and enter the attached proposed Consent

Order for the reasons set forth therein.

Respectfully submitted,

ANDREW B. BIRGE
United States Attorney
Western District of Michigan

ERIC S. DREIBAND
Assistant Attorney General
Civil Rights Division

/s/ Laura Babinsky
LAURA BABINSKY
Assistant United States Attorney

/s/ Amie S. Murphy
SAMEENA SHINA MAJEED
Chief
TIMOTHY J. MORAN
Deputy Chief
AMIE S. MURPHY
Trial Attorney
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
Phone:  (202) 353-1285
Email:  amie.murphy2@usdoj.gov

/s/ Michael S. Bogren
MICHAEL S. BOGREN
Plunkett Cooney
950 Trade Centre Way, Suite 310
Portage, MI  49002
Phone:  (269) 226-8822
Email:  rcallahan@plunkettcooney.com

/s/ Sarah S. Prescott
SARAH S. PRESCOTT
Salvatore Prescott & Porter, PLLC
105 East Main Street
Northville, MI  48167
Phone:  (248) 679-8711
Email:  prescott@spplawyers.com

Attachment 1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| BAY VIEW CHAUTAUQUA<br>INCLUSIVENESS GROUP,<br><br>      Plaintiff,<br><br>              v.<br><br>THE BAY VIEW ASSOCIATION OF THE<br>UNITED METHODIST CHURCH, et al.,<br><br>      Defendants. | CASE NO. 1:17-CV-0622 |
| BAY VIEW CHAUTAUQUA<br>INCLUSIVENESS GROUP,<br><br>      Plaintiff,<br><br>              v.<br><br>THE BAY VIEW ASSOCIATION OF THE<br>UNITED METHODIST CHURCH, et al.,<br><br>      Defendants. | CASE NO. 1:19-CV-00291 |
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>              v.<br><br>THE BAY VIEW ASSOCIATION OF THE<br>UNITED METHODIST CHURCH<br><br>      Defendant. | CASE NO. |

<u>**CONSENT ORDER**</u>

This Consent Order resolves the allegations of the United States' Complaint that the Bay View Association of the United Methodist Church (the "Association") violated the Fair Housing Act, 42 U.S.C. §§ 3601-3631.   This Consent Order also resolves the lawsuit styled *Bay View Chautauqua Inclusiveness Group v. The Bay View Association of the United Methodist Church, et al.*, Case No. 1:17-cv-0622 (W.D. Mich.) and *Bay View Chautauqua Inclusiveness Group v. The Bay View Association of the United Methodist Church, et al.*, Case No. 1:19-cv-00291 (W.D. Mich.).   Pursuant to Federal Rule of Civil Procedure Rule 42(a), the Court hereby consolidates these suits (hereinafter "the consolidated cases") for the purpose of entering this Consent Order.

## I.     BACKGROUND

1.      The United States initiated this lawsuit pursuant to 42 U.S.C. § 3612(o) on behalf of John and Mary Agria, Marjorie Bayes, Donald Duquette, Wesley and Lois Hager, Robert and Sara Holmes, Gerald and Hannah Rees, Lawry Reid and Linda Ferrier-Reid, Albert and Helen Reynolds, Joseph and Jennifer Rupert, and Charles Weaver ("Complainants").

2.      On July 11, 12, and 17, 2017, Complainants filed timely complaints of discrimination against the Association with the Department of Housing and Urban Development ("HUD").

3.      In accordance with 42 U.S.C. §§ 3610(a) and (b), the Secretary of HUD conducted and completed an investigation of the complaints, attempted conciliation without success, and prepared a final investigative report.

4.      Based upon the information gathered in the investigation, the Secretary determined, under 42 U.S.C. § 3610(g)(1), that reasonable cause existed to believe that the

2

Association engaged in unlawful discriminatory housing practices and retaliation against the Complainants.

5.      On February 21, 2019, the Secretary issued a Charge of Discrimination, under 42 U.S.C. § 3610(g)(2)(A), charging the defendants with engaging in unlawful discriminatory housing practices and retaliation in violation of the FHA.

6.      On February 27, 2019, the Association filed a Notice of Election to have the case heard in a civil action pursuant to 42 U.S.C. § 3612(a), and an Administrative Law Judge issued a Notice of Election to Proceed in United States Federal District Court and terminated the administrative proceeding on the Charge of Discrimination.

7.      Following this Notice of Election, the Secretary authorized the Attorney General to commence a civil action on behalf of the complainants pursuant to 42 U.S.C. § 3612(o).[1]

8.      The United States' Complaint alleged that the Association's bylaws restricted homeownership to practicing Christians which violates the Fair Housing Act by making dwellings unavailable to persons because of religion, in violation of 42 U.S.C. § 3604(a); discriminated in the terms, conditions, or privileges of the sale of dwellings, or in the provision of services or facilities in connection therewith, in violation of 42 U.S.C. § 3604(b); and made statements with respect to the sale of dwellings that indicate a preference, limitation, or discrimination based on religion, in violation of 42 U.S.C. § 3604(c).

---

[1] An additional complainant, Jeremy Schaeffer, filed a complaint with HUD on December 13, 2018, which was still pending at the time of HUD's February 27, 2019 charge and determination.  Schaeffer, a member of the Bayview Chautauqua Inclusiveness Group, has agreed to release his claims and withdraw his HUD complaint in consideration for the entry of this Decree.

9. The Complaint alleged that the Association is not a religious organization within the meaning of 42 U.S.C. § 3607(a), nor is it controlled, supervised, or operated in conjunction with a religious organization within the meaning of 42 U.S.C. § 3607(a).

10. On July 10, 2017 and April 17, 2019, Plaintiff Bay View Chautauqua Inclusiveness Group ("BVCIG"), an organization whose membership includes most of the Complainants, filed the lawsuits styled *Bay View Chautauqua Inclusiveness Group v. The Bay View Association of the United Methodist Church, et al.*, Case No. 1:17-cv-0622 (W.D.Mich.) and *Bay View Chautauqua Inclusiveness Group v. The Bay View Association of the United Methodist Church, et al.*, Case No. 1:19-cv-00291 (W.D.Mich.), respectively.

11. The Association has raised defenses to the allegations in the lawsuits filed by BVCIG.

In reliance on this agreement, the parties agree that the lawsuits against Defendants referenced above should be resolved without further proceedings or a trial. Therefore, the United States, BVCIG, and the Association agree to the entry of this Consent Order.

WHEREFORE, the parties, through their authorized representatives, hereby further stipulate and agree as follows:

## II.   STATUS OF ASSOCIATION

12. The parties agree that

    a. From the date of the entry of this Consent Order, the Association agrees it is not a religious organization, association, or society within the meaning of 42 U.S.C. § 3607(a); and

4

b.  From the date of the entry of this Consent Order, the Association agrees it is not controlled, supervised, or operated in conjunction with a religious organization, association, or society within the meaning of 42 U.S.C. §3607(a).

## III.    GENERAL NONDISCRIMINATION PROVISIONS

13.    The Association, its officers, employees, agents, successors and assigns, and all other persons or entities in active concert or participation with the Association, shall not:

a.  Deny an application to rent or sell a dwelling, refuse to negotiate for the sale or rental of a dwelling, or otherwise make dwellings unavailable to persons because of religion, 42 U.S.C. § 3604(a), MCL § 37.2505(a), (d);

b.  Discriminate in the terms, conditions, or privileges of the rental or sale of dwellings, or in the provision of services or facilities in connection therewith, because of religion, 42 U.S.C. § 3604(b), MCL § 37.2502(b); or

c.  Make statements with respect to the sale or rental of dwellings that indicate a preference, a limitation, or discrimination based on religion, 42 U.S.C. § 3604(c), MCL § 37.2502(f)-(g).

## IV.    BYLAW AMENDMENTS

14.    The Association shall amend its current bylaws as set forth in Appendix A to this Consent Order.  These amendments shall take effect within five (5) days of the entry of this Consent Order.

15.    The Association shall strike the terms in the bylaws set forth in Appendix B to this Consent Order within two (2) years of the entry of this Consent Order or within ten (10) days

5

of the Association's receipt of a Determination Letter from the United States Internal Revenue Service ("IRS") ("Determination Letter") granting its application for tax-exempt status, whichever occurs first.  The Association shall submit its application for a Determination Letter no later than ninety (90) days after the date of this Consent Order.

16.     Within ten (10) days of entry of this Consent Order, the Association shall amend its application materials to be consistent with the bylaw amendments set out in Appendix A.  The Association shall simultaneously send copies of the revised application materials to the United States and counsel of record for the BVCIG.[2]

17.     Within two (2) years of the entry of this Consent Order, or within ten (10) days of the Association receiving the Determination Letter, the Association shall file proposed revised Articles of Incorporation with the State of Michigan consistent with the by-law amendments set

---

[2] The parties agree that unless specified otherwise, any communications referenced in this Consent Order, shall be made by email and overnight mail by private carrier to the following individuals and addresses:

United States of America
Shina Majeed
c/o Amie Murphy
United States Department of Justice, Civil Rights Division, Housing and Civil Enforcement Section
1800 G Street, NW
Washington, D.C.  20006
Email:  amie.murphy2@usdoj.gov

Bay View Chautauqua Inclusiveness Group
c/o Salvatore Prescott & Porter PLLC
105 E. Main Street
Northville, MI  48168

The Bay View Association of the United Methodist Church
Executive Director
Bay View Association
P.O. Box 583
Petoskey, MI  49770

forth in Appendices A and B.  The Association shall simultaneously send copies of the revised

proposed Articles of Incorporation to the United States and counsel of record for the BVCIG.

18.     During the term of this Consent Order, the Association shall notify the United

States of any proposed amendments to bylaws affecting, either directly or indirectly, membership

in the Association, homeownership, or composition of the Board of Trustees.  No amendments

shall be inconsistent with Paragraphs 12 or 13 of this Consent Order.

V.     **REPORTING AND RECORD-KEEPING**

19.     The Association shall preserve all records related to applications for membership

in the Association, including applications, communications with applicants, internal

communications, deferrals, and final determinations, for the term of this Consent Order.  The

Association shall be responsible for maintaining and preserving, or supervising the maintenance

and preservation of, these records.

20.     The Association will notify all current and new members of the Board of

Trustees, Membership Committee, and anyone else involved in the application process of their

obligation to maintain and preserve records related to compliance with this Consent Order.

21.     The Association shall be responsible for the preparation of annual reports,

beginning on December 1, 2019, to be submitted to counsel for the United States.  The annual

reports shall include a list of all applications for membership in the Association submitted to the

Association during the season (November 1 – October 30), as well as action taken (grant, deny or

deferred) as well as an explanation of the reasons for any denial or deferral.  Upon request of

counsel for the United States, the Association shall timely provide additional information

regarding the processing or status of any application.

7

22.     Upon reasonable notice to counsel for the Association, the United States shall be permitted to inspect and copy any records associated with compliance with this Consent Order or, upon request by the United States, the Association shall provide copies of such documents.

## VI.     RELEASE OF COMPLAINANTS

23.     Pursuant to a separate agreement between Plaintiff BVCIG and the Association, the Association has paid the sum of $75,000.00 for Plaintiff's costs and attorney's fees.  In consideration for that payment, and the terms of this Consent Order, each complainant, including complainant Jeremy Schaeffer, has executed a release of all claims in the form of Appendix C.

## VII.     SCOPE OF CONSENT ORDER

24.     The provisions of this Consent Order shall apply to the Association and any subsidiaries, predecessors, acquired companies, or successor entities.  It shall also apply to the officers, employees, agents, representatives, assigns, successors-in-interest, and all persons and entities in active concert or participation with all of those entities.

25.     In the event that the Association is acquired by or merges with another entity, the Association shall, as a condition of such acquisition or merger, obtain the written agreement of the acquiring or surviving entity to be bound by any obligations remaining under this Order for the remaining term of this Consent Order.

26.     The United States may review compliance with this Order at any time.  The Association shall cooperate with the United States in any review of compliance with this Order.

## VIII.   MODIFICATIONS, ATTORNEY'S FEES AND COSTS, AND REMEDIES FOR NON-COMPLIANCE

27.     The parties shall be responsible for their own attorney's fees and court costs, except as provided for in Paragraph 23.

28.     The parties shall endeavor in good faith to resolve informally any differences regarding the interpretation of and compliance with this Consent Order prior to bringing such matters to the Court for resolution.  However, in the event the United States contends that there has been a failure by the Association, whether willful or otherwise, to perform in a timely manner any act required by this Consent Order or otherwise comply with any provision thereof, the United States may move the Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring the performance of such act or deeming such act to have been performed, and an award of any damages, costs, and attorney's fees which may have been occasioned by the Association's violation or failure to perform.

29.     Any time limits for performance imposed by this Consent Order may be extended by the mutual written agreement of the parties.

30.     The terms of this Consent Order shall not be modified, revised, or altered unless mutually agreed upon in writing by the parties and approved by the Court, except as provided in Paragraph 29.

## IX.   DURATION

31.     This Order shall be in effect for a period of five (5) years from its date of entry. The consolidated cases are hereby dismissed with prejudice, except that the Court shall retain jurisdiction to enforce the terms of this Consent Order.  The United States may move the Court to extend the duration of this Consent Order in the interests of justice.

## X.    TERMINATION OF LITIGATION HOLD

32.     The parties agree that, as of the effective date of this Consent Order, litigation is not "reasonably foreseeable" concerning the matters described in the Plaintiff's or United States'

9

complaints.  To the extent that any of the parties previously implemented a litigation hold to preserve documents, electronically stored information (ESI), or things related to the matters described in the complaints, they are no longer required to maintain such a litigation hold. Nothing in this paragraph relieves any of the parties of any other obligations imposed by this Consent Order.

 IT IS SO ORDERED.

Date: July 18, 2019                          /s/ Paul L. Maloney
                                             United States District Judge

10

For the United States of America:

Dated: _July 9_ , 2019

ANDREW B. BIRGE
United States Attorney
Western District of Michigan

LAURA BABINSKY
Assistant United States Attorney

ERIC S. DREIBAND
Assistant Attorney General
Civil Rights Division

SAMEENA SHINA MAJEED
Chief
TIMOTHY J. MORAN
Deputy Chief
AMIE S. MURPHY
Trial Attorney
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
Phone:  (202) 353-1285
Email:  amie.murphy2@usdoj.gov

11

**For The Bay View Association of the United Methodist Church:**

Dated: _July 9_____, 2019

MICHAEL S. BOGREN
Plunkett Cooney
950 Trade Centre Way, Suite 310
Portage, MI 49002
Phone: (269) 226-8822
Email: mbogren@plunkettcooney.com


**For Bay View Chautauqua Inclusiveness Group:**

Dated: _____, 2019


SARAH S. PRESCOTT
Salvatore Prescott & Porter, PLLC
105 East Main Street
Northville, MI 48167
Phone: (248) 679-8711
Email: prescott@spplawyers.com

12

For The Bay View Association of the United Methodist Church:

Dated: _____, 2019


_____
ROBERT A. CALLAHAN
Plunkett Cooney
950 Trade Centre Way, Suite 310
Portage, MI  49002
Phone:  (269) 226-8822
Email:  rcallahan@plunkettcooney.com


For Bay View Chautauqua Inclusiveness Group:

Dated: July 9, 2019

_____
SARAH S. PRESCOTT
Salvatore Prescott & Porter, PLLC
105 East Main Street
Northville, MI  48167
Phone:  (248) 679-8711
Email:  prescott@spplawyers.com

12

## Appendix A

**By-Law 1-d, Qualifications for Membership, Sections 4 and 5 shall state as follows:**

4. Is of good moral character and will support the Association's purpose and objectives.
5. Agrees to respect and preserve the history and values of the Association:

> *"To enrich the human experience for individuals and families within Bay View and the surrounding community through a seasonal program of religious, educational, cultural and recreational opportunities, in a manner consistent with Christian values."*

**New By-Law 1-f shall state as follows:**

**f. Prohibition of Unlawful Discrimination.**

The Association shall not take race, color, sex, disability, familial status, national origin, religion, religious beliefs or lack thereof, or sexual orientation into consideration when making membership decisions.   In conjunction therewith, each application for membership in the Association shall contain the following language, displayed in a clear and conspicuous manner:

> "The Association does not take race, color, sex, disability, familial status, national origin, religion, religious beliefs or lack thereof, or sexual orientation into consideration when making membership decisions."

13

## Appendix B

**The words below shall be stricken:**

### By-Law 2.  Management; Election

Paragraph 1: ", subject to the last sentence of this By-Law2 hereof".

Paragraph 2: "A majority of the Trustees shall be members of The United Methodist Church whose election shall be ratified by the Detroit and West Michigan annual Conferences or their successors of the United Methodist Church."

### By-Law 5.  Nomination of Trustees

Paragraph 1: "religious affiliations,".

### By-Law 76--b  Vote

Paragraph 2: "In addition, any amendment by By-Law 2 (regarding the Methodist majority and conference ratification requirements only), 74-b or76-b, must be approved by the Detroit and West Michigan annual conferences of the United Methodist Church.

### Article VII of Amended and Restarted Articles of Association

Paragraph 1: "and a majority of the trustees shall be members of the West Michigan Conference of the United Methodist Church."

14

## Appendix C

## FULL AND FINAL RELEASE OF CLAIMS

In consideration for the Parties' agreement to the terms of the Consent Order entered to resolve all claims in civil actions styled as *Bay View Chautauqua Inclusiveness Group v. The Bay View Association of the United Methodist Church, et al.*, Case No. 1:17-cv-0622 (W.D.Mich.), *Bay View Chautauqua Inclusiveness Group v. The Bay View Association of the United Methodist Church, et al.*, Case No. 1:19-cv-00291 (W.D.Mich.), and *United States v. The Bay View Association of the United Methodist Church*, Civil No. _____ (W.D.Mich.), and in consideration for the payment of Plaintiff's costs and attorney's fees, I hereby fully release and forever discharge The Bay View Association of the United Methodist Church, the Board of the Bay View Association of the United Methodist Church, Bay View Real Estate Management, Inc., along with their insurers, co-insurers, reinsurers, attorneys, related companies, principals, predecessors, successors, assigns, affiliates, partners, directors, officers, agents, employers, shareholders, subsidiaries, employees, former employees, independent contractors, heirs, executors, and administrators and any persons acting under their respective direction or control, of any claim arising prior to the date of this Release related to the facts at issue in the litigation referenced above and related to the alleged violations pursuant to the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* that are alleged in the United States' complaint and violations pursuant to 42 U.S.C. § 1983; the Michigan Constitution; the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*; Michigan's Elliott-Larsen Civil Rights Act, MCL § 37.2101 *et seq.* that are alleged in the Plaintiff's complaints.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, 20__.


_____

[Signature]


_____

[Print Name]

15